[S. F. No. 15341.   In Bank.—August 21, 1935.]

VIOLET TEARNEY DUPONT, Appellant, v. ALFRED DU-PONT, Respondent.

Ralph L. Isaac and Jerome L. Schiller for Appellant.

Lombardi & Minnis for Respondent.

WASTE, C. J.—Plaintiff, to whom was awarded an interlocutory decree of divorce, appeals from an order modifying the provision of the decree relating to property, attorney fees and costs.

It is the contention of appellant that the court acted in excess of its jurisdiction in granting the motion for modification, made on the papers in the case and affidavit of the defendant. No ground was stated in the notice and the order merely recites ''that good cause exists therefor''. The interlocutory decree awarded the plaintiff a lump sum of $1,000 as her share of the community property, the sum of $150 attorney's fee, and another sum as costs. The rest of the community property was awarded to the defendant, one piece of property, the home of the parties, being ordered sold and the sums ordered paid to plaintiff to be paid out of the proceeds of the sale. No appeal was taken from the decree and no motion for a new trial was made.

The affidavit of the defendant, on the motion to modify, alleged difficulty in making a satisfactory sale of the property, defendant's desire to keep the premises as ''a home'', and his inability to borrow money with which to pay plaintiff or otherwise to meet those obligations. On this showing, which was traversed by plaintiff, the trial court made the order modifying the decree with respect to the time and manner of payment. The attorney's fee was ordered paid on a definite date. Three hundred dollars was directed to be paid on the property award and costs, ''the balance of said judgment remaining at the rate of thirty dollars per month'' commencing on a fixed future date. ''It is well established law that when an interlocutory decree has become final, in the sense that it is no longer subject to the right of appeal or motion for new trial, or any right to relief by order within the provisions of section 473 of the Code of Civil Procedure, the trial court is without jurisdiction to vacate such decree or modify the same. There is, of course, the continuing authority of the court to modify its orders relating to the payment of alimony; but with respect to the right to a divorce and with respect to the determination of property rights, the right to modify or vacate the decree no longer exists.'' (*De Haven* v. *Superior Court*, 114 Cal. App. 253–255 [300 Pac. 95]; *Bancroft* v. *Bancroft*, 178 Cal. 367 [173 Pac. 582].) The principal item in the decree here was the award to plaintiff of a lump

sum, other than an allowance of alimony, of $1,000 as plaintiff's share of the community property, "all the rest and residue of the community property of the parties" being awarded to the defendant. (*Webster* v. *Webster*, 216 Cal. 485, 488 [14 Pac. (2d) 522].) Provision was made for securing to plaintiff the payment of the amount. The modified order, not made on motion for a new trial, or on appeal, and not made in response to a motion under the provision of section 473, Code of Civil Procedure, was beyond the jurisdiction of the trial court and is therefore reversed.

Shenk, J., Preston, J., Langdon, J., Seawell, J., and Curtis, J., concurred.