[Civ. No. 8351. Third Dist. Sept. 28, 1954.]

ELLA E. HARROLD, Appellant, v. ELLSWORTH
HARROLD, Respondent.

David Livingston & Louis F. DiResta for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

PEEK, J.—By her action plaintiff sought a declaration
of rights together with recovery of a specific sum. Defendant
interposed a demurrer and motion to dismiss upon the ground
that the action was barred by a prior judgment. Thereafter
said motion to dismiss was granted. Plaintiff now appeals
from that order, and defendant has again moved to dismiss

the same. This court has chosen to deny the defendant's motion to dismiss, and to determine the appeal on its merits.

A summary of the litigation between these parties shows that plaintiff originally sued defendant for divorce and for an award of community property, alimony and counsel fees. Among other things the interlocutory decree granted to plaintiff allowed certain amounts to the defendant, including an item of income tax he had paid amounting to $61,164.10. It is this item which forms the basis of the present proceeding. This court affirmed the interlocutory decree except as to the division of the community estate, particularly as to the earnings of the defendant up to and including the date of entry of the final decree, and as to those matters the case was remanded for further proceedings in accordance with the provisions of Civil Code, section 146. The trial court followed this procedure, awarding to plaintiff the differential found to be the community earnings of defendant. Plaintiff again appealed, and the order of the trial court was subsequently affirmed by the Supreme Court. (See *Harrold* v. *Harrold,* 43 Cal.2d 77 [271 P.2d 489].)

The present action of plaintiff concerns solely the amount allowed by the trial court in the first trial for income taxes paid by the defendant, which order was subsequently approved by this court. Although plaintiff has entitled her proceeding "Complaint for Declaratory and Other Relief," it appears to be merely an attempt to modify the interlocutory decree. ▇ As the court stated in *Parnham* v. *Parnham,* 32 Cal.App.2d 93 at 96 [89 P.2d 189] : "It is not what a paper is named, but what it is that fixes its character." Regardless of how appellant has labeled her pleading, any approval thereof would result in a modification of the interlocutory decree which has long since become final.

Although the contentions made by plaintiff are variously stated, the underlying question presented and argued relates to the applicability of the doctrine of res judicata.

▇ " 'It is well established law that when an interlocutory decree has become final, in the sense that it is no longer subject to the right of appeal or motion for new trial, or any right to relief by order within the provisions of section 473 of the Code of Civil Procedure, the trial court is without jurisdiction to vacate such decree or modify the same.' " (*Dupont* v. *Dupont,* 4 Cal.2d 227, 228 [48 P.2d 677].)

▇ As the court also observed in the Parnham case, ordinarily the interlocutory decree becomes final and is res

judicata on all questions determined therein including the property rights of the parties, and generally the only question held in abeyance is the final dissolution of the marriage upon the entry of the final decree. "Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined." (*Leupe* v. *Leupe*, 21 Cal.2d 145, 148 [130 P.2d 697].)

Appellant, however, attempts to avoid the rule above set forth with the contention that the condition of which she complains occurred subsequent to the original action between the parties. Numerous authorities are cited in this regard and in substance follow the statement of the rule found in *Lunt* v. *Boris*, 87 Cal.App.2d 694 [197 P.2d 568]. There the court, in an action affecting the right to possession of real property under a deed of trust, held that:

" 'Matters not in issue in the previous action are not res adjudicata,' and 'Where the fact, condition, status, right or title is not fixed and permanent in its nature, and adjudication, though conclusive of the situation at the time of its rendition, is not conclusive as to what it may be at some subsequent time, in so far as this may be affected by circumstances subsequently occurring or arising.' "

In the Lunt case, as in each of the other cases cited by plaintiff, one or all of the parties thereto retained some interest in the property involved, and the subsequent fact or condition affected the interest so retained in a manner not originally contemplated. We find nothing in those cases which compels any other conclusion than that reached by the trial court. In a divorce proceeding such as the present, where a final determination has been made concerning the distribution of the property and that determination has become final, all rights and interest, as noted in the Dupont, Leupe and Parnham cases, have been conclusively adjudicated, and the court is without jurisdiction to vacate its decree or modify the same. That is the precise situation here. Thus, to approve the position taken by plaintiff would result, in the modification of the interlocutory decree with respect to issues therein decided and subsequently approved on appeal by this court. Furthermore, it would give tacit approval to endless litigation following every divorce action wherein any change occurred in respect to the property involved, particularly its value. It is this situation which the Supreme Court had in mind in *Metropolitan Life Ins. Co.* v. *Welch*, 202 Cal. 312, 318 [260 P. 545], wherein the court stated:

"Unless the property rights of the parties in a divorce action are conclusively settled by a decree like that rendered in *Welch* v. *Welch,* neither of the parties thereto would, after the rendition of such a decree, at least before the intervening of the statute of limitations, be certain as to his or her rights in any property owned at the commencement of the divorce action, except that described in the divorce proceedings, and either would be subject to the suit of the other to account for any or all property held by the former at the time of the commencement of said divorce action. The parties having had an opportunity to litigate the question as to what part or portion of their property is community property, and having actually, under proceedings in which all of the community property apparently was involved, obtained a final decree establishing and determining the respective rights of the parties to said community property, said decree must be held to be a conclusive determination of all the rights of said parties in and to not only the community property described therein, but in and to all property owned by either of them."

What has heretofore been said concerning the applicability of the doctrine of res judicata is equally dispositive of the remaining contentions made by plaintiff and hence it becomes unnecessary to discuss the arguments made in support thereof.

The judgment is affirmed, and the motion to dismiss the appeal is denied.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied October 28, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1954. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.