Ella E. HARROLD, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 14694.

United States Court of Appeals
Ninth Circuit.

April 2, 1956.

David Livingston, Harold R. Farrow, James R. Mansfield, A. L. Bjorklund, Jr., San Francisco, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Karl Schmeidler, John Kelley, Jr., Sp. Assts. to Atty. Gen., Washington, D. C., for respondent.

Before POPE and CHAMBERS, Circuit Judges, and GOODMAN, District Judge.

GOODMAN, District Judge.

We have before us on this appeal a somewhat bizarre cause. The Commissioner of Internal Revenue received payment of all income taxes due from petitioner and her then husband for the years 1946, 1947 and 1948. The spouses were then living together as husband and wife. But because the husband, later, after divorce, filed a claim for refund of that part of the taxes paid by him representing his wife's (petitioner's) share of the tax on the community income, the Commissioner has reopened the wife's tax status and assessed a deficiency tax against her. Obviously this was done in order to protect the government against the possibility that the husband's claim for refund was valid. The Tax Court has approved the deficiency assessment against the petitioner and she has appealed to us.

Petitioner and respondent have filed elaborate briefs on several questions of law which both claim are involved. However, as sometimes happens, the facts have thereby become obscured, and, to some extent, forgotten in the heat of legal controversy. A review of the stipulated facts is sufficient to convince us that the decision of the tax court is wrong.

While having once previously separated in 1945, petitioner and her husband Elwood Harrold lived together as husband

and wife during the years 1946 and 1947 and until March 25, 1948, when they again separated. A suit for divorce followed and an interlocutory decree of divorce was entered in California Superior Court on February 15, 1949. For the three years, 1946–1947–1948, the husband and petitioner filed separate income tax returns. The husband reported all the community earnings in his return and paid the income taxes thereon. In the divorce decree, the divorce court determined that a portion of the net income of the businesses conducted by the husband and all the salary received by him was community property. By the decree, the net community property was divided equally between the spouses. In order to arrive at the amount to be divided, the court deducted from the total gross community property certain items, such as living expenses and *also the amount of all income taxes on the community income paid by the husband during the years in question.* This left for equal division the sum of $1,734.24, or $867.12 for each. The reason for the deduction of the income taxes paid by the husband is obvious. During the years in question, the husband, having included in his individual return all of the community earnings, paid the income taxes owed both by him and his wife on the community income. Thus, while the parties were living together in harmony, the husband, as is not unusual, and, in fact in accordance with his role as manager of the community property, Warburton v. White, 176 U.S. 484, at page 494, 20 S. Ct. 404, 44 L.Ed. 555, paid all of the income taxes upon the community income, owing by him and his wife. Had the divorce court not so credited the husband with the tax he paid on the wife's share of the community income, she (the petitioner) would have received far more than her proper one-half share of the community property. The procedure

thus followed by the divorce court was entirely an accounting or bookkeeping technique.

But after the divorce decree had become final, the husband, or some attorney or accountant on his behalf, conceived the seemingly astute idea that the husband should file a claim for refund of the taxes he had paid for the wife's share of the community income, upon the ground that he had made the payment by mistake. Such a claim for refund was filed, and, if successful would, of course, unjustly enrich the husband. In the face of this factual background the Commissioner, notwithstanding that the full amount due the United States by both spouses had been paid, nevertheless assessed to the wife the amount of the tax due upon her share of the community income.

Confronted by the possibility that she might be required to actually pay twice for the same thing, if her husband succeeded in his unconscionable plan, petitioner endeavored to have the divorce decree re-opened and reformed to more adequately reflect the true facts. In this she was unsuccessful. Both the California Superior Court and the Court of Appeals held that the decree was final and could not be re-opened. Harrold v. Harrold, 127 Cal.App.2d 582, 274 P.2d 183.

So she was left with the only alternative—to contest the deficiency assessment levied against her by respondent.

It was conceded on the argument, that the only reason for the deficiency assessment was the apprehension that the husband might succeed upon his claim for refund. Obviously, absent a claim for refund by the husband, there would not be the slightest basis for the assessment against petitioner, since the Commissioner has been paid the full tax due from both parties.[1]

---

1. The fact that petitioner did not include her share of the Community income in her separate return did not prejudice the Government, since by the inclusion of her share of the community income in the husband's return, the Government received more by way of taxes on the community income than it would have received if it had been reported in the petitioner's return. This is for the reason that its inclusion in the husband's return, in addition to his other income, brought him into a higher income tax bracket.

Hence, since the claim for refund is the raison d'etre of the assessment, the Commissioner, to support the assessment, must have reasonable grounds for his belief or conclusion that the claim for refund is valid and correct. Upon the stipulated record, the Commissioner cannot make any other finding except that the claim for refund is baseless and indeed clothed in the habiliments of chicanery. Indeed, no impartial mind could reach any other conclusion than that the husband's claim that he should get back the money paid, because he paid it by mistake, is completely baseless and fraudulent.

▮▮▮ Both the Commissioner and the Tax Court, by some strange quirk, seem to have overlooked the fact, that on the stipulated record, the wife, and *not* the husband *actually* paid the taxes on her share of the community income. True, her check did not go to the Collector. But, pay it she did, by having it deducted from her share of the community distribution in the divorce court. And the husband received the benefit from it just as if the wife had turned her rightful share of the community property in dollars over to the Collector in payment. In law, payment may just as effectively be made by offset or credit.

▮▮ The final judgment in the State Court as conclusively estops the husband from questioning it as it does the wife upon the plea of the husband. The State decree is in all legal effect res adjudicata that the wife paid the tax upon her share of the community income.

It is difficult, therefore, to perceive upon what factual or legal basis whatever the Commissioner would be warranted in granting the husband's claim for refund. It is equally impossible to perceive how the Commissioner can justify the deficiency assessment sought to be levied against the wife. To sustain the deficiency assessment would be to give an unjustified judicial blessing to the participation of the Commissioner of Internal Revenue in what is obvious chicanery and fraud on the part of the husband.

In view of the disposition which we make of this cause on the stipulated facts, it is unnecessary for us to consider the alternate contentions made on the part of petitioner.

The judgment of the Tax Court is reversed.

CHAMBERS, Circuit Judge (concurring).

At oral arguments, counsel for the Commissioner said more than once that our judgment would not be res judicata on Mr. Harrold when his claim is disallowed and he sues to recover payment. While this case comes to us through the tax court and Mr. Harrold's case may be in a district court or the Court of Claims, yet I cannot believe things are necessarily so inflexible in government that the issues on his claim could not have been determined before or about contemporaneously with this claim against Mrs. Harrold.

It may be noted that by someone's careful planning the issue in two separate cases of who should get a depletion allowance on oil produced as a consequence of whipstock drilling from the shore into the sea reached the Supreme Court simultaneously in Commissioner of Internal Revenue v. Southwest Exploration Company (United States v. Huntington Beach Company), 76 S.Ct. 395, 100 L.Ed. ——. There the Southwest case went up through the tax court and this court. Huntington paid the taxes and sued for a refund in the Court of Claims.

Of course, the Commissioner could not schedule when Mr. Harrold, if his refund were disallowed, would file his action within his permissible time. But there is no evidence here that the Commissioner has attempted to set any stage for simultaneous determination of the cases or for the earlier determination of Mr. Harrold's case. Therefore, we must go ahead and decide the case we have before us.

In addition to the foregoing, I concur in Judge GOODMAN'S opinion.