[Civ. No. 22824.   Second Dist., Div. Three.   Aug. 26, 1958.]

JEANNETTE HOLBERT, Respondent, v. COE WILSON, Appellant.

Shepherd & Shepherd for Appellant.

Brandon & Marnell for Respondent.

NOURSE, J. pro tem.*—Defendant appeals from a decree by the terms of which he is ordered to convey certain real property to the plaintiff.

The complaint and the findings of fact are, to say the least, inartificially drawn, but we have reached the conclusion that by the complaint, facts are alleged which spell out a cause of action and that by the findings, facts are found, which support that cause of action; and, that therefore, even though it may be that the trial court reached its decision on an erroneous theory, its judgment, being in fact correct, must be affirmed. (*Sears* v. *Rule*, 27 Cal.2d 131, 140 [163 P.2d 443]; *Bank of America* v. *Vannini*, 140 Cal.App.2d 120, 127 [295 P.2d 102].)

The following facts may be gleaned from the complaint, although not clearly alleged therein: Plaintiff was a sister of one Anna Hilburn, hereinafter called "Anna," and a relationship of trust and confidence existed between them; in 1933 Anna deeded the real property in question to plaintiff and plaintiff in consideration of the deed undertook to provide care, comfort and sustenance for Anna during her life;

in 1952 plaintiff conveyed the property to Anna without consideration; Anna agreed that the property would be kept by her and the title would be vested in plaintiff at Anna's death and that Anna would hold the record title to the property during her lifetime in order that she might have a feeling of security but that the property should in fact remain that of the plaintiff; defendant had actual knowledge of this agreement between the plaintiff and the decedent and, despite this knowledge, induced Anna to convey the property to him without consideration. These facts spell out a constructive trust under which defendant held title for the benefit of the plaintiff. (*Sherman* v. *Sandell*, 106 Cal. 373, 374-375 [39 P. 797]; *Taylor* v. *Morris*, 163 Cal. 717, 722-723 [127 P. 66]; *Stobie* v. *Stobie*, 116 Cal.App.2d 360, 366-368 [253 P.2d 765]; Civ. Code, § 2243.)

Each of the facts which we have heretofore set forth as being alleged in the complaint was found by the trial court to be true and the evidence supports these findings. The trial court further found that Anna was induced to convey the property to the defendant through undue influence imposed upon her by him but we need not here determine whether or not such findings are supported by the evidence; for, as the evidence supports the court's finding of the trust upon which Anna held the property and its finding that defendant took record title to the property with knowledge of that trust he became a constructive trustee and it is immaterial whether he induced Anna to breach her trust through undue influence or she breached it of her own volition.

Appellant contends that Anna's personal representative was an indispensable party and that the court erred in refusing defendant's request that a representative of her estate be made a party to the action. This contention cannot be sustained.

The decree here entered does not affect and could not bind Anna's heirs or her estate. It affects only the parties to this action. A personal representative of Anna was not an indispensable party. (*Bank of California* v. *Superior Court*, 16 Cal.2d 516, 520-526 [106 P.2d 879].)

Appellant further asserts that the action is one to quiet title and that plaintiff, by her complaint, has asserted no title in herself but only an equitable right and that therefore an action to quiet title did not lie. It is true that the complaint is entitled and throughout the proceedings was

referred to as one to quiet title but that is not conclusive for plaintiff's action was, in fact, not one to quiet title but one to establish and enforce a constructive trust and that is the decree rendered.

It was stipulated at the trial that defendant paid the taxes on the property in question for the years 1952 to 1956, both inclusive. Defendant complains that the decree did not compel the plaintiff to do equity by reimbursing him in the amount of these taxes. Defendant was entitled, under his deed from Anna, to possession of the property until Anna's death and it was only upon his then asserting title adverse to plaintiff that he breached the trust under which he held possession. There was no evidence that plaintiff had agreed to pay the taxes upon the property during the time the record title stood in the name of Anna and defendant was obligated to pay the taxes upon the property from the time he, under his deed, became entitled to possession, until the time of Anna's death. Defendant was in possession of the property in question from the time of Anna's death in August 1955 and did not offer to account for the rental value of the property. The total of the taxes that he paid during the period after plaintiff became entitled to possession amounted to less than $100 and the court was justified in not requiring the plaintiff, as a condition of the decree, to pay the taxes but to assume that they were offset by the defendant's use of the property during that period. There were no equities in defendant's favor.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.