[Civ. No. 24983.   Second Dist., Div. Two.   Oct. 21, 1960.]

ELIZABETH C. PECK, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROBERT G. PECK, Real Party in Interest.

574

Weaver & Elias for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Louis C. Spiess, Jr., and Gail B. Selig for Real Party in Interest.

NOURSE, J. pro tem.*—This is a petition for writ of prohibition to prevent the respondent court from hearing and determining a motion[1] made by the former husband of petitioner whereby he sought to be relieved from the obligation imposed upon him by the interlocutory decree of divorce to support a minor who, by the terms of the interlocutory decree, had been adjudged to be the child of the parties.

The facts are: In March 1959, petitioner commenced an action for divorce against her husband, Robert G. Peck, real party in interest here (sometimes hereinafter referred to as the defendant). By the complaint it was alleged that there was one minor child of the marriage, to wit, Linda Carol. Pending the trial of this action the parties entered into a property settlement agreement which included provisions as to custody of said minor. In this agreement there is the following recitation of fact: "The parties hereto have one child, an issue of said marriage, born August 9, 1956, a girl, LINDA CAROL. The parties have no other issue, no deceased issue, and no adopted issue, and no adopted children."

By other terms of the agreement defendant agreed that the petitioner should have custody of the minor child subject to the defendant's right of reasonable visitation and his physical

---

[1] An order to show cause is a notice of motion. (*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210 [256 P. 210].)

*Assigned by Chairman of Judicial Council.

custody of the child at certain fixed times and that he would pay to petitioner the sum of $65 per month for the care, education and maintenance of said minor child. After this agreement was executed, the default of defendant was entered and, on the 14th of July, 1959, plaintiff was granted and there was entered, an interlocutory decree of divorce.

The aforesaid agreement was approved and incorporated as a part of the interlocutory decree.

The interlocutory decree of divorce expressly awarded custody of the minor and rights of visitation in accordance with the terms of the property settlement agreement and ordered the defendant to make payments for the support of said child in the amounts fixed by the agreement.

No appeal was taken from said interlocutory decree of divorce, nor was any motion made within six months after its entry to vacate it, or for relief from its terms by reason of ''any mistake, inadvertence, surprise or excusable neglect'' on the part of the real party in interest or his counsel.

On May 10, 1960, nearly 10 months after the entry of the decree, respondent court issued its order requiring petitioner to show cause why that part of the interlocutory decree requiring defendant to pay the sum of $65 per month for the support of said minor child should not be modified. This order to show cause was based upon the affidavit of real party in interest in which he stated that the conditions and circumstances surrounding the parties and upon which the order was based had materially changed in this: ''Discovery of proof that defendant had a vasectomy operation performed May 25, 1951, . . . approximately four years previous to the birth of said minor child, Linda Carol. That laboratory tests made previous to the birth of said child and thereafter conclusively proves that defendant was sterile . . . before and at the time of gestation and incapable of reproduction and therefore not the natural father of said minor child, Linda Carol, born August 9, 1956.'' By his affidavit he requested the court to make an order as follows: That the order heretofore made requiring defendant to pay for the care, education and maintenance of said minor child, Linda Carol, *be revoked* and an order made *that the defendant is not the natural father of said minor Linda Carol. . . .*'' (Italics added.)

When the order to show cause came on for hearing petitioner objected to the hearing of the motion upon the ground that the court was without jurisdiction to relitigate the question of paternity. The court took this objection under submis-

sion and on July 14th overruled it and ordered that plaintiff, defendant and the minor child submit to blood tests and continued the matter to September 15th. Thereafter petitioner filed her petition here.

Respondent and defendant assert that under section 139 of the Civil Code, the respondent court is invested with jurisdiction to modify the provisions of a decree of divorce providing for the support of the children of the parties and therefore had jurisdiction to try and determine the issue tendered by the order to show cause in question here.

It is true that the respondent court had the power, if there was a change in the circumstances of the parties, to modify the judgment so as to either increase or decrease the amount which real party in interest was required to pay for the support of the minor child and that it had jurisdiction to change the terms of the interlocutory decree as to the custody of the child even in the absence of a change of circumstances if the best interests of the child were served by such a change in the decree. (*Goto* v. *Goto,* 52 Cal.2d 118 [338 P.2d 450]; *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719].)

The present order to show cause, however, did not seek to alter the terms of the interlocutory decree as to which of the parties should have custody of the minor child or seek a diminution in the amount which the defendant was required to pay for the child's support because of some change in his circumstances or those of his wife, but sought to retry the issue as to whether defendant was the father of the child and as such under some obligation to support it.

The fact that the order to show cause was "labeled" as one for modification of the judgment cannot operate to give the court jurisdiction if in fact the proceeding was not one for modification but for a retrial of an issue *finally* determined in the divorce action. It is axiomatic that a court is not bound by the title or label which embellishes a pleading. It is the legal effect of the pleading as shown by the allegations of fact therein that determines its nature and effect. (*Lavine* v. *Jessup,* 161 Cal.App.2d 59, 64 [326 P.2d 238]; *Holbert* v. *Wilson,* 163 Cal.App.2d 175, 177-178 [329 P.2d 42]; *Harrold* v. *Harrold,* 127 Cal.App.2d 582 [274 P.2d 183].)

The question as to whether the minor child was a child of the marriage was an issue tendered by the complaint and determined by the interlocutory decree. It was an issue upon which the defendant (real party in interest here) might

have presented evidence at the trial. (*Hughes* v. *Hughes*, 125 Cal.App.2d 781, 786 [271 P.2d 172].)

The respondent court, by the interlocutory decree rendered by it having determined that the child was the issue of the marriage, was without power to retry and redetermine that issue. Its powers as to that issue were exhausted upon the entry of that decree. (*DuPont* v. *DuPont*, 4 Cal.2d 227, 228 [48 P.2d 677]; *McLaughlin* v. *Superior Court*, 128 Cal.App. 2d 62, 66 [274 P.2d 745]; *Harrold* v. *Harrold, supra,* 127 Cal. App.2d 582, 583-584), except that upon a motion made, within six months after the entry of the decree, pursuant to the provisions of section 473 of the Code of Civil Procedure, the court might set aside its decree upon the defendant's establishing that its entry was due to his "mistake, inadvertence, surprise or excusable neglect"; or, upon a motion made in the action based upon a claim, supported by a showing of facts, that the decree was procured through extrinsic fraud which prevented the defendant from contesting the issue, the court might retry that issue. (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37, 40 [152 P.2d 625]; *Olivera* v. *Grace,* 19 Cal.2d 570, 575-576 [122 P.2d 564]; *Bacon* v. *Bacon,* 150 Cal. 477, 481-483 [89 P. 317].)

The present proceeding is not one under section 473 of the Code of Civil Procedure and could not be as the order to show cause was not sought for nearly 10 months after the entry of the interlocutory decree. The order to show cause under which the respondent court is threatening to proceed is not based upon a claim of extrinsic fraud. In the affidavit supporting the order to show cause upon which the respondent court is threatening to proceed no fact is stated which would tend to prove that defendant was prevented by fraud on the part of the petitioner from trying the issue of paternity in the divorce action. To the contrary, his affidavit shows that he knew at the time of the trial of the divorce action of the operation which he now claims rendered him sterile at the time the child was conceived.

His only claim here is that he did not know where to locate the witnesses who could support his testimony as to the fact of that operation which he contends rendered him sterile.[2]

---

[2]We have, of our own motion, examined the unverified statement of facts made by counsel for defendant by which the respondent court supports its claim that the court has jurisdiction to retry the issue of paternity. It does not state any fact that if proved would tend to prove extrinsic fraud. On the contrary, it shows that defendant, at the trial

The respondent court, in now proceeding to retry the issue of paternity, is clearly acting in excess of its power and prohibition is the proper remedy.

If the trial court should render a judgment, the fact that petitioner may appeal from any order made adverse to her in the present proceedings, as an order made after final judgment (Code Civ. Proc., § 963, subd. 2), does not under the circumstances of this case render that remedy adequate. Petitioner should not be forced to the expense of trying this issue before a court which is without power to try it and then appeal from its adverse judgment when it is clear that the results of such appeal could only be favorable to her.

Let a peremptory writ of prohibition issue.

Fox, P. J., and Ashburn, J., concurred.

of the divorce action, could have offered evidence to prove his sterility at that time and could have offered his own testimony and that of his wife to prove the fact of the vasectomy in 1951 as the cause of his sterility.