SCHEB, Judge.
Sarah McLean appeals a partial summary judgment and final judgment allowing Jack McLean, her former husband, recovery on a promissory note that she had executed during their marriage. She raises two points: First, that the note was obtained under duress; and second, that the doctrine of res judicata bars her ex-husband’s' action on the note. We find no merit to either argument, but we discuss her contention that res judicata bars her ex-husband’s recovery.
In 1982 the wife petitioned to dissolve the parties’ marriage. She alleged that they owned no real property jointly and that the personal property that she and her husband did own had been amicably divided between them. The husband denied these allegations.
On May 10, 1983, the trial court entered a final judgment dissolving the marriage. The court’s findings were limited to determining that the marriage was irretrievably broken, that the husband was to indemnify the wife against any loss occasioned by their filing a joint tax return for 1982, and that each party had agreed to be responsible for his or her own debts. The judgment made no provision for support or for division of property.
Before the dissolution the wife borrowed money from the husband so that she could live apart from him. She signed a $5,100 noninterest bearing demand promissory note representing a consolidation of several smaller notes, which she had given the husband for sums he had advanced to her. The dissolution proceeding did not involve the note.
After dissolution, the husband demanded payment of the note, and when the wife did not repay him, he brought suit against her. In her answer, the wife alleged that the husband obtained the note while their dissolution case was pending. She filed affirmative defenses that she was under duress when she executed the note, and that the doctrine of res judicata barred action on it. In response, the husband pointed out that the final judgment provided that each was responsible for individual debts.
The trial court granted a partial summary judgment for the husband on the res judicata issue. The matter then proceeded to trial on the issue of duress. The husband testified that the wife asked to borrow the money and offered to sign a note in return for the loan. He asserted that she said she would pay him at the time of the dissolution. The wife testified it was the husband’s idea to write the note. She claimed that she was under a great deal of stress when she signed the note and felt that she needed to get away from the husband. The trial judge found that there was insufficient evidence to support a finding of duress in the note’s execution. He entered a final judgment awarding the husband $5,100 plus post-judgment interest at the rate of twelve percent.
*1033 We agree with the trial judge that there was insufficient evidence to support a finding of duress. See Cooper v. Cooper, 69 So.2d 881, 882-83 (Fla.1954). Thus, we now address the wife’s contention that the trial judge erred in rejecting her defense of res judicata.
A party relying on a former judgment as res judicata of an issue must plead and prove the judgment. The mere reference to a prior controversy is insufficient to raise the res judicata issue. See Betts v. Betts, 63 So.2d 302 (Fla.1953) and Thomas v. Ashley, 170 So.2d 332 (Fla. 2d DCA 1964), cert. denied, 177 So.2d 205 (Fla.1965). Here, the wife pled and proved that the dissolution of the parties’ marriage was reduced to a final judgment; however, both parties admitted that the claim on the promissory note was not litigated in the dissolution action. Consequently, the only issue is whether the husband was required to litigate his right under this cause of action in the dissolution proceeding.
Theoretically, all disputes between the parties in a dissolution action should be settled once and for all by the final judgment. No doubt the supreme court had this in mind in Cooper v. Cooper when it held that a final decree of divorce settles all property rights of the parties whether or not they were introduced in the litigation and bars any action thereafter brought by either party to determine the question of property rights. Accord Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981); Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974). But see Aoun v. Aoun, 428 So.2d 707 (Fla. 3d DCA 1983); Haas v. Haas, 421 So.2d 664 (Fla. 3d DCA 1982); Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA), cert. denied, 287 So.2d 682 (Fla.1973) (stating that where property rights are not in issue before a court in a dissolution proceeding the parties may litigate those matters in a separate suit).
Notwithstanding their lack of harmony, we believe that both lines of authority require us to affirm on this point. Under Cooper and the supporting cases, the husband’s ownership of the promissory note was settled by the final judgment of dissolution even though it was never considered at the time. Therefore, he is now entitled to prosecute his claim which arises out of the note. Under the conflicting authorities of the Third District Court of Appeal, the husband can now sue on the note since he never raised it at the time of the dissolution judgment. In either event, the-husband was not obligated to make demand under the note and resolve his claim in the course of the dissolution proceed: ings. We express no opinion on what our ruling might have been if the wife’s obligation had matured at the time of dissolution and the husband’s claim had not been based on a written instrument.
Accordingly, we affirm the trial court’s order allowing Jack McLean to recover the $5,100 on the promissory note. The trial court, however, erred in awarding interest on the judgment at the rate of twelve percent, since the note itself was payable on demand without interest. See § 55.03(1), Fla.Stat. (1983). Thus, we vacate the portion of the order allowing Jack McLean twelve percent interest on the note and direct the trial court to enter an amended judgment for $5,100.
GRIMES, A.C.J., and CAMPBELL, J„ concur.