## Brenda LERMAN v. Howard LERMAN

[528 A.2d 1121]

No. 86-052

April 30, 1987. Plaintiff appeals from the grant of defendant's motion allowing him to undergo genetic testing to determine paternity. We reverse.

The parties were married May 8, 1971; they were divorced on April 29, 1976. The trial court found that "the parties have one minor child," born March 18, 1974. Custody "of the minor child of the parties" was awarded to plaintiff; defendant was ordered to pay child support. No issue concerning paternity was raised during the divorce proceeding; no appeal from the divorce action contesting paternity was taken.

After a period of nonpayment between 1981-1986, the Department of Social Welfare, as assignee of plaintiff's child support rights, filed a motion for contempt and a motion to withhold wages. Defendant replied with a motion for order requiring genetic testing, which was granted. It is that order which is appealed from.

Defendant's collateral attack is precluded as a matter of law. A party who has litigated, or who has had an opportunity to litigate, a matter in a former action in a court of competent jurisdiction should not be permitted to relitigate the issue against the same adversary. *Hill* v. *Grandey*, 132 Vt. 460, 463, 321 A.2d 28, 30 (1974). The trial court found that defendant is the minor child's father. Res judicata precludes a relitigation of paternity. See *Peck* v. *Superior Court*, 185 Cal. App. 2d 573, 576-77, 8 Cal. Rptr. 561, 564-65 (1960) (writ of prohibition granted to prevent court from hearing father's motion for relief from child support, where child was adjudged child of the parties in a divorce action and no appeal was taken); *Peercy* v. *Peercy*, 154 Colo. 575, 579, 392 P.2d 609, 611 (1964) (husband precluded from raising issue of paternity in contempt proceedings based on child support delinquency, where issue could have been raised, tried and resolved before entry of divorce decree).

*The order of the trial court allowing defendant to undergo genetic testing is reversed; matter remanded to Rutland Superior Court for determination of contempt motion consistent with the above order.*