### Hansjeorg Slansky v. Brigid B. Slansky

[553 A.2d 152]

No. 87-136

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed September 30, 1988

*Keyser, Crowley, Banse & Facey*, Rutland, for Plaintiff-Appellant.

*Theodore Corsones* and *Therese M. Corsones* of *Corsones & Hansen*, Rutland, for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals the trial court's grant of defendant's motion for summary judgment and the dismissal of his complaint against her for wrongful conversion and breach of trust. We reverse.

## I.

On February 11, 1986, the Rutland Superior Court granted a divorce to the parties, incorporating their property settlement agreement into the judgment order. The agreement awarded various assets to the parties, but made no mention of the health insurance policy. Because the policy was in defendant's name alone and in her possession, it went to defendant by virtue of a clause in the agreement that each party was entitled to all the remaining assets in his or her possession at the time of the divorce. One year prior to the divorce, defendant removed both plaintiff and their children from the insurance policy, leaving herself as the sole person covered. It is undisputed that plaintiff was aware of the fact that he was no longer covered by the policy at the time of the divorce.

On August 28, 1986, plaintiff filed suit against defendant for wrongful conversion and breach of trust, alleging that although he had supplied the funds necessary for the purchase of a health insurance policy for himself, defendant and their children in April of 1983 while the parties were still married, defendant had actually purchased the policy in her name, designating plaintiff as only an additional insured. The result of defendant's action was that in February of 1985, when she removed plaintiff as an insured under the policy, plaintiff was unable to obtain insurance coverage for a health condition he had developed between April of 1983 and February of 1985.

Defendant moved for summary judgment on plaintiff's suit, raising the defense of res judicata. Plaintiff opposed the motion and stated in an affidavit that defendant had "refused to discuss" the health insurance issue during negotiations leading up to the final property settlement agreement. The trial court granted defendant's motion for summary judgment on the basis that plaintiff's claim was barred by the doctrine of res judicata.

## II.

The principles governing motions for summary judgment have been set forth recently in *Smith* v. *Day*, 148 Vt. 595, 538 A.2d 157 (1987).

> In order to succeed on a motion for summary judgment, the moving party must satisfy a two-part test: first, no genuine issue of material fact must exist between the parties, and second, there must be a valid legal theory which entitles the moving party to judgment as a matter of law. V.R.C.P. 56(c); *Gore* v. *Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981). The moving party has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine factual issue exists. *Cavanaugh* v. *Abbott Laboratories*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985). The moving party also bears this burden on appeal. *Sykas* v. *Kearns*, 135 Vt. 610, 612, 383 A.2d 621, 623 (1978). When a defendant moves for summary judgment, he satisfies his legal burden by presenting " 'at least one legally sufficient defense that would bar plaintiff's claim.' " *Gore*, 140 Vt. at 266, 438 A.2d at 375 (quoting 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2734, at 647 (1973)).

*Id.* at 596-97, 538 A.2d at 158.

The material facts are not in dispute. Plaintiff admits that he knew of his lack of coverage at the time he entered into the property settlement agreement. If the doctrine of res judicata applies, then defendant has met her legal burden, and the trial court's grant of her motion for summary judgment must be upheld.

The doctrine of res judicata generally bars subsequent actions on claims which could have been raised or decided in a previous action between the same parties. See *Berisha* v. *Hardy*, 144 Vt. 136, 138, 474 A.2d 90, 91 (1984); *Hill* v. *Grandey*, 132 Vt. 460, 463, 321 A.2d 28, 30 (1974). Here, the dispute concerning the insurance policy was clearly at issue during the parties' negotiations. At the time of the divorce, plaintiff had a legally cognizable claim against defendant for her allegedly fraudulent use of plaintiff's monies. Yet, plaintiff entered into an agreement which purported to resolve all property disputes between the parties even though it contained no mention of the insurance policy. Plaintiff's

failure to assert his claim prior to the entry of the divorce order, however, does not bar his attempt to litigate the issue now.

Although this Court has not previously addressed the precise issue raised in this case, other jurisdictions have examined this problem. We find the following analysis to be persuasive.[1]

> It is long-settled that a prior divorce decree acts as a bar to a subsequent action for *divorce*, as to the same ground and every issue actually litigated. However, no rule of preclusion is applicable to require that a prior divorce decree acts as a bar to a subsequent civil action in tort. . . .
>
> . . . Nor can it be argued that a civil action in tort is the same "cause of action" for *res judicata* purposes. Although we have emphasized that "a change in labels is not sufficient to remove the [preclusive] effect of [a] prior adjudication," we think it clear that a civil action in tort is fundamentally different from a divorce proceeding, and that the respective issues involved are entirely distinct.

*Aubert* v. *Aubert*, 129 N.H. 422, 425-26, 529 A.2d 909, 911 (1987) (emphasis in original) (citations omitted); see also *McClean* v. *McClean*, 461 So. 2d 1031, 1033 (Fla. Dist. Ct. App. 1985) (divorce not res judicata as to action on promissory note executed during marriage); *Harris* v. *Harris*, 149 Ga. App. 842, 843, 256 S.E.2d 86, 87 (1979) (action on debt accrued during marriage not barred by res judicata where issue was not litigated in divorce action); *McNevin* v. *McNevin*, 447 N.E.2d 611, 615 (Ind. Ct. App. 1983) (personal injury claim based on assault alleged to have occurred during marriage not barred by divorce decree that incorporated terms of a property settlement agreement executed by the parties); *Stuart* v. *Stuart*, 143 Wis. 2d 347, 349-51, 421 N.W.2d 505, 507 (1988) (tort action for assault, battery, and intentional infliction of emotional distress not barred by res judicata after divorce in which it was stipulated that there had been full disclo-

---

[1] The recent case of *Lerman* v. *Lerman*, 148 Vt. 629, 528 A.2d 1121 (1987) (mem.), is not directly on point. *Lerman* dealt with the applicability of the doctrine of res judicata in a husband's attempt to litigate his lack of paternity in a child support enforcement action, when the claim was not raised during the initial divorce proceeding. *Id.* at 629, 528 A.2d at 1122. In that case, the question of paternity was *necessarily* determined in the original divorce proceeding, which granted an award of child support. In the instant case, plaintiff's tort claim was not a necessary element of the divorce proceeding.

sure of all assets and debts of the marriage, despite failure of wife to disclose potential tort claims arising from incidents that occurred during marriage).

Other courts have taken an even broader view as to the inapplicability of the doctrine of res judicata to issues not raised in the original divorce proceeding. See, e.g., *Yeo* v. *Yeo*, 581 S.W.2d 734, 736 (Tex. Ct. App. 1979) ("a partition of community property not disposed of in the prior divorce decree is not barred by the doctrine of res judicata"). But see *Davis* v. *Dieujuste*, 496 So. 2d 806, 807 (Fla. 1986) (claims which could and should have been subject of litigation preceding divorce are barred by the doctrine of res judicata).

In order to decide this case, however, we need not determine the precise contours of the doctrine of res judicata in divorce decrees in the state of Vermont. Here, plaintiff is not attempting to relitigate the property distribution agreement adopted by the trial court in the final divorce decree; rather, he is asserting a unique claim sounding in tort that is separate and distinct from the divorce decree. This claim does not meet the stringent requirements for application of the doctrine of res judicata. See *Berisha*, 144 Vt. at 138, 474 A.2d at 91. While it might have been a more prudent course to have expressly preserved the issue in the property distribution agreement, plaintiff's right to pursue an action in tort against defendant is not barred by the doctrine of res judicata.[2]

*Reversed and remanded.*

---

[2] V.R.C.P. 80(f) provides that "[f]ailure of the defendant in an action for divorce to counterclaim for divorce or nullity of marriage or any other claim shall not bar a subsequent action therefor." Given our result in the instant case, we need not reach plaintiff's claim that V.R.C.P. 80(f) forecloses the utilization of the doctrine of res judicata in divorce proceedings.