## Robert and Pamela Cookson v. Elmer Durivage, Tony Dolan, Ken Alexander and Durivage Logging, a Partnership and Clarice Durivage

[572 A.2d 897]

Nos. 88-313 & 89-140

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed February 2, 1990

*Paul R. Bowles* of *Paul, Frank & Collins, Inc.,* Montpelier, for Plaintiffs-Appellees.

*Williams and Green,* Morrisville, for Defendants-Appellants.

**Allen, C.J.** These consolidated appeals arose from an action brought by plaintiffs seeking compensation for an injury Robert Cookson sustained from the operation of certain equipment by defendant Kenneth Alexander in the course of his work for defendant Durivage Logging, a partnership. Defendants have appealed from orders enforcing a stipulated settlement of the action and authorizing collection of the settlement amount. We affirm.

Most of the issues on appeal arise from the procedural history of three trial court actions. Robert and Pamela Cookson first filed a tort action (No. S70-84LC) in 1984 against Elmer and Clarice Durivage, Ruth Dolan, and Kenneth Alexander, alleging that the Durivages and Dolan were partners in a contracting business known as Durivage Logging. Tony Dolan and the partnership Durivage Logging were later added as named defendants. Clarice Durivage, Elmer's wife, is Ruth Dolan's daughter and Tony Dolan's sister. Clarice Durivage and

Dolan counterclaimed for abuse of process and intentional infliction of emotional distress, asserting that they were not partners in Durivage Logging. In March, 1986 the parties stipulated that Ruth Dolan and Clarice Durivage be dismissed as parties and their counterclaims were withdrawn. Just prior to trial in April, 1986, the remaining defendants entered into a settlement agreement on the record, under which they conceded that the liability was "joint and several" and agreed to pay to plaintiffs the sum of $10,000.

Defendant Elmer Durivage refused to make the payment called for by the agreement, and plaintiffs brought a second action (No. S117-86LC) against Elmer Durivage, Tony Dolan, Kenneth Alexander and Durivage Logging to enforce the settlement. On August 22, 1986, a stipulated judgment order ("the enforcement settlement") was entered against defendants for the $10,000 plus attorneys' fees, interest and costs. The order provided that plaintiffs could immediately execute on the judgment.

Plaintiffs sought attachment and trustee process against monies owed to Tony Dolan by Johnson State College, and against property of Elmer Durivage. This property, however, is held by the entirety with Clarice and would be protected from this obligation unless Clarice were also a partner in Durivage Logging. Consequently, in November, 1987 plaintiffs brought an action (No. S177-87LC) against Clarice Durivage alleging that she was a partner in the business operated by Durivage Logging and jointly liable for its obligations.

The trial court consolidated S117-86 and S177-87, and in May, 1988 denied Clarice Durivage's motion to dismiss and granted plaintiffs' motions for attachment and trustee process against monies owed to Tony Dolan by Johnson State College, and against other monies owed to Clarice and Elmer Durivage. This order made extensive findings of fact and concluded that Clarice was a partner in Durivage Logging. Defendants appealed and the appeal was docketed in this Court as No. 88-313. After filing the notice of appeal, defendants moved the trial court to quash execution. This motion was denied and it was ordered that the monies be paid into an escrow account established by

plaintiffs and defendants pending appeal. The order denying this motion was not appealed.

While the consolidated cases were on appeal, plaintiffs moved for summary judgment in the trial court against Clarice Durivage. She opposed, claiming she had been released from all claims when she dropped the counterclaims in the original tort action, and asserting that she was not a partner in Durivage Logging. In March, 1989, the trial court granted summary judgment without opinion. The defendant, Clarice Durivage, filed an appeal from that order, and the two appeals have been consolidated in this Court.

Defendants first argue that the evidence did not support the trial court's conclusion that Tony Dolan was an independent contractor in his work for Johnson State College and, therefore, that the funds were not subject to trustee process. Although the evidence was controverted, the trial court's determination must stand as it is supported by credible evidence that Dolan was paid on an invoice basis, that his work assignments were as a subcontractor doing special projects, that he was self-employed as a carpenter, and that he supplied his own tools for the work. See *Bruntaeger v. Zeller*, 147 Vt. 247, 252, 515 A.2d 123, 126 (1986).

Defendants' primary argument is that the standard of proof applied in granting plaintiffs' motions for attachment and trustee process in May, 1988 was "reasonable likelihood of recovery," and that it was therefore error for the trial court to rely on findings from that opinion in determining the summary judgment motion on the merits in March, 1989. But defendants are mistaken in their premise that the standard of proof applied in the May, 1988 order was a "reasonable likelihood" standard. That standard, by the terms of V.R.C.P. 4.1, applies only in the context of prejudgment attachment. In order to obtain a prejudgment attachment, V.R.C.P. 4.1 requires the moving party first to show that it is reasonably likely to obtain a judgment. But in the present case defendants had already confessed judgment (the enforcement settlement); the trial court did not have to determine whether a judgment in plaintiffs' favor was likely.

Plaintiffs instead sought post-judgment attachment in the May, 1988 proceeding.

■ In order to obtain execution against Clarice Durivage's property, plaintiffs had to prove that she was a partner of Durivage Logging. That is, in the attachment proceeding against a previously unserved partner, the trial court had to determine the effect of the earlier stipulated judgment (the enforcement settlement) against the partnership. See *F.R. Patch Mfg. Co. v. Capeless*, 79 Vt. 1, 11, 63 A. 938, 940 (1906); Note, *Res Judicata and Collateral Estoppel in the Law of Partnership*, 65 Cal. L. Rev. 863, 876, 883 n.109 (1977). Defendants have not shown that the trial judge applied any standard other than the ordinary civil standard of proof to this determination. As the same essential issue of Clarice Durivage's partner status was litigated and determined by the attachment order, it was not error for the March, 1989 order to preclude relitigation of those facts in determining whether there remained any disputed issues of material fact. See *Lerman v. Lerman*, 148 Vt. 629, 528 A.2d 1121 (1987) (mem.).

Defendants also argue that the affirmative defenses raised by Clarice Durivage demonstrated disputed issues of material fact not resolved by the trial court in the May, 1988 order. But the trial court in its May, 1988 order did reach these defenses, and resolved them against defendant. Even though she had been dismissed individually from the underlying tort action, that dismissal was without prejudice, and as a partner she would be responsible for the judgment entered against the partnership. See 11 V.S.A. § 1207; *Dayco Corp. v. Fred T. Roberts & Co.*, 192 Conn. 497, 504, 472 A.2d 780, 784 (1984). Further, allegations alone do not create triable issues of fact sufficient to defeat a motion for summary judgment. *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266, 438 A.2d 373, 375 (1981).

*Affirmed.*