**John P. DEMGARD v. Sylvia DEMGARD**

[790 A.2d 383]

No. 01-282

December 19, 2001. Plaintiff appeals the Rutland Superior Court's dismissal of · his claim for contribution from defendant, plaintiff's ex-wife, for payments plaintiff made on a promissory note the parties executed prior to their divorce. Plaintiff asserts that his superior court action is not a collateral attack on the parties' final divorce order and the superior court's determination to the contrary was erroneous. We agree and reverse and remand.

On April 12, 1996, the parties, who were married at the time, executed an unsecured promissory note in which they promised to repay a sum of $20,000, with interest, to Henry J. and Frances C.

Bargmann over a period of forty-eight months. In April 1998, defendant filed for divorce in Rutland Family Court. The family court issued its final judgment and decree on February 9,⁶ 2000 after a contested hearing. The divorce judgment included a division of the parties' property, granting defendant title to the marital residence and the roughly eight acres of land upon which the residence sits. Although that property was formerly owned by plaintiff's mother, the court awarded defendant title to the property "free and clear of any debt or other interest" of plaintiff. The order did not contain a specific provision relating to the parties' individual or marital debts, including the promissory note to the Bargmanns.

In March 2001, plaintiff filed the present action seeking contribution from defendant for payments plaintiff allegedly made on the promissory note. Defendant moved to dismiss the suit on the grounds that plaintiff was attempting to relitigate the property distribution encompassed in the divorce judgment. The superior court agreed and dismissed the action. Plaintiff appealed.

Plaintiff contends that the superior court misunderstood the nature of his claim by concluding that he was attempting to collaterally attack the property division in the final divorce judgment. Defendant counters that plaintiff's suit is indeed a collateral attack because she alerted the family court to the existence and history surrounding the note through a memorandum she filed prior to the contested merits hearing in the divorce action. That memorandum alleged that the note's purpose was to allow the parties to satisfy the debts of plaintiff's mother's estate in exchange for obtaining title to the real property where the parties made their residence. Defendant's memorandum also stated that the Bargmanns rewrote the promissory note

to exclude her as a debtor.* Relying on our opinion in *Tudhope v. Riehle*, 167 Vt. 174, 704 A.2d 765 (1997), defendant argues that she put the promissory note issue before the family court and defendant apparently chose not to address the issue of the promissory note during the proceeding. Therefore, defendant asserts, plaintiff's claim was already adjudicated by the family court, and further action in the superior court is, therefore, barred.

In *Tudhope v. Riehle*, Tudhope filed suit in superior court alleging that the separation agreement she entered into with her ex-husband was unconscionable and obtained through fraud. The family court had adopted the agreement in its final order. Once the court did so, the agreement became part of the court's final judgment, and the only avenue for relief from it was a motion to set the judgment aside. *Tudhope*, 167 Vt. at 177, 704 A.2d at 767. Consequently, we held the later superior court action constituted a collateral attack on the final judgment and affirmed the superior court's dismissal of Tudhope's suit. *Id.* at 178-80, 704 A.2d at 767-68.

The facts of the present case are considerably different from those in *Tudhope*. In this case, a settlement agreement did not form the basis of the family court's order, and the order made no explicit reference to any debts, marital or otherwise, including the promissory note. There is nothing in the record before us to show that defendant's memorandum describing the note, its purpose and the circumstances surrounding its execution was ever in evidence before the

---

* Although defendant claims that the Bargmanns revised the promissory note to make plaintiff the note's sole obligor, the record before us does not include a copy of the revised note nor any indication that it was in evidence before the family court.

family court. The record thus does not support defendant's theory that the family court considered the note and disposed of it in the parties' final judgment of divorce. See *Harris v. Harris*, 256 S.E.2d 86, 87 (Ga. Ct. App. 1979) (where divorce decree contains no reference to wife's debt to husband incurred during marriage, and no provision that decree settles liabilities of parties to each other, the decree does not settle the indebtedness).

Defendant argues, however, that the divorce judgment's provision giving her sole ownership of the parties' real property "free and clear of any debt or other interest" of plaintiff somehow shows that the family court considered and adjudicated the promissory note issue. Two problems with that argument are apparent. First, Vermont statutes governing divorce proceedings do not obligate the family court to allocate responsibility for marital debt absent the parties' invocation of the court's equitable jurisdiction to do so. See 4 V.S.A. § 453(a) (family court has all equitable powers of superior court as to civil matters within its jurisdiction); 15 V.S.A. § 751(a) (upon motion of either party, court shall settle rights of parties to their property). The court may consider the parties' liabilities when deciding how to allocate property, 15 V.S.A. § 751(b)(6), but nothing in the statutes mandates that the court determine the parties' rights with respect to their debts absent some request to do so.

Second, the judgment's language granting defendant title to the parties' real property serves to make clear that plaintiff has no right to the property, and defendant owes plaintiff nothing in exchange for her exclusive right to it. Although defendant alleges that the promissory note was executed to allow the parties to gain title to the property after plaintiff's mother died, the note on its face evidences no such purpose; the note requires plaintiff and defendant to repay $20,000 plus interest within a specific time period only. Therefore, the reference to "debt" in the judgment's allocation of the marital residence and associated land cannot be construed to mean the promissory note which makes no mention of the property.

This is not a case like *Tudhope* where the superior court was essentially asked to revise or alter the property division in the final divorce decree. Plaintiff's claim is a unique and separate claim from the property division in the final divorce judgment which is cognizable in superior court. See *Slansky v. Slansky*, 150 Vt. 438, 441-42, 553 A.2d 152, 154 (1988) (fraud claim relating to insurance policy subject to divorce proceeding was not incorporated into judgment and separate tort action for fraud in superior court was permissible). Therefore, the superior court should have permitted plaintiff to prove his claim for contribution against defendant.

*Reversed and remanded.*