12-468-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand twelve.

PRESENT:  BARRINGTON D. PARKER,
          REENA RAGGI,
          GERARD E. LYNCH,
                  *Circuit Judges*.
-----------------------------------------------------------------------
IN RE HAVEN ELDERCARE, LLC,
                  *Debtor.*
-----------------------------------------------------------------------
TC HEALTHCARE I, LLC,
                  *Plaintiff-Appellant*,


          v.                                    No. 12-468-bk

RACHEAL DUPUIS,
                  *Defendant-Appellee.*
-----------------------------------------------------------------------

FOR APPELLANT:              Dominic Fulco III, Emily A. Gianquinto, Reid and Riege, P.C., Hartford, Connecticut.

FOR APPELLEES:              Racheal Dupuis, *pro se*, Whitehall, New York.

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 12, 2012, is AFFIRMED.

Appellant TC Healthcare I, LLC ("TC Healthcare") filed a motion in the Bankruptcy Court for the District of Connecticut seeking to have the bankruptcy court enforce its June 2008 order (the "Sale Order") authorizing the sale of certain assets belonging to Debtors Haven Eldercare, LLC and its subsidiaries ("Haven") free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363. Specifically, TC Healthcare, which had entered into an agreement in the course of the Haven bankruptcy to purchase and operate certain Haven facilities, sought an order from the bankruptcy court declaring that it was not liable to appellee Racheal Dupuis under the terms of a pre-bankruptcy contract between Dupuis and Haven relating to tuition reimbursement. Before TC Healthcare filed its motion in the bankruptcy court, a Vermont small claims court had entered a judgment holding TC Healthcare liable to Dupuis under that contract. The bankruptcy court denied TC Healthcare's motion on the ground that it was barred by the doctrine set forth in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). TC Healthcare appealed, and the district court affirmed the bankruptcy court on the alternate ground that the motion was barred by res judicata. This appeal followed. We assume the parties' familiarity with the underlying facts and the

2

procedural history of the case, which we reference only as necessary to explain our decision to affirm.

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." In re Halstead Energy Corp., 367 F.3d 110, 113 (2d Cir. 2004). "We accept [a] bankruptcy court's findings of fact unless clearly erroneous, but review its conclusions of law de novo." Id. at 114.

Like the district court, we conclude that TC Healthcare's enforcement motion is barred by res judicata, making it unnecessary to discuss the applicability of the Rooker-Feldman doctrine to the facts of this case. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006) (noting that court may affirm on any ground supported by the record). In analyzing the application of res judicata, federal courts must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984). Accordingly, to determine the preclusive effect of the judgment of the Vermont small claims court, we must look to Vermont law.

Under that law, res judicata "will preclude a claim from being litigated if (1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding." Iannarone v. Limoggio, 190 Vt. 272, 279 (2011) (internal quotation marks omitted). "The doctrine does not require that claims must have been actually litigated in an earlier proceeding; rather, res judicata bars parties from litigating claims or causes of action

3

that were or should have been raised in previous litigation." Lamb v. Geovjian, 165 Vt. 375, 380 (1996). Moreover, under Vermont law, a party is generally barred by res judicata from mounting a collateral attack on the subject matter jurisdiction of the court rendering a prior decision. "Unless a court has usurped power not accorded to it, its exercise of subject matter jurisdiction is binding in subsequent proceedings as long as the jurisdictional question was litigated and decided or the parties had an opportunity to contest subject-matter jurisdiction but failed to do so." In re B.C., 169 Vt. 1, 8 (1999) (citing Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986)). A mere error in the court's exercise of jurisdiction does not constitute such a usurpation; rather "a court will be deemed to have plainly usurped jurisdiction only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." Nemaizer v. Baker, 793 F.2d at 65 (internal quotation marks omitted).

TC Healthcare first argues that res judicata does not apply because the Vermont small claims court was without jurisdiction to enter the judgment. Specifically, TC Healthcare contends that the bankruptcy court, in its July 2008 Sale Order, retained exclusive jurisdiction over any disputes relating to that order. This argument is without merit. First, despite the wording of the Sale Order, the bankruptcy court's jurisdiction was concurrent rather than exclusive, because 28 U.S.C. § 1334(b) provides bankruptcy courts with "original but not exclusive jurisdiction" over claims such as Dupuis's, which are related to bankruptcy

4

proceedings.[1] Second, even if the bankruptcy court's jurisdiction were exclusive, TC Healthcare would be unable to show that the Vermont court had "usurped" jurisdiction. TC Healthcare had an opportunity to contest the jurisdiction of the small claims court during a December 2010 hearing that was held on Dupuis's complaint. See In re B.C., 169 Vt. at 8. Indeed, it appears that it unsuccessfully attempted to enter into evidence a copy of the bankruptcy court's Sale Order, which would have informed the Vermont court that the bankruptcy court had purported to retain exclusive jurisdiction. Unfortunately for TC Healthcare, it was not prepared at the hearing to offer the Sale Order in an admissible form. Having failed to admit the order into evidence, TC Healthcare cannot show that the small claims court "usurped jurisdiction" because, in the absence of the order, the matter before the small claims court was a simple state common law action for an amount under $5,000, which was well within that court's jurisdiction. See Vt. R. Small Cls. P. 2(a) (affording the small claims court jurisdiction over "[a]ctions on claims for money damages not exceeding $5,000").

TC Healthcare next argues, as it did in the district court, that the judgments of the Vermont small claims courts are without res judicata effect pursuant to the decision of the Supreme Court of Vermont in Cold Springs Farm Development, Inc. v. Ball, 163 Vt. 466 (1995). The district court addressed this issue in both its January 10, 2012 order affirming

---

[1]In re Hotel Syracuse, Inc., 155 B.R. 824 (Bankr. N.D.N.Y. 1993), cited by TC Healthcare, is inapposite because the jurisdiction there arose under what is now 28 U.S.C.§ 1334(e), which grants to the district courts exclusive jurisdiction over all property of the debtor and the estate. Id. at 833. Flanagan v. Arnaiz, 143 F.3d 540 (9th Cir. 1998), also involved a finding of exclusive jurisdiction.

the bankruptcy court's denial of TC Healthcare's enforcement motion and its January 23, 2012 order denying TC Healthcare's motion for reconsideration. Having conducted an independent review of the relevant case law, we reject TC Healthcare's reliance on Cold Springs Farm for substantially the reasons set forth by the district court in the above decisions.

Finally, TC Healthcare argues for the first time on appeal that res judicata does not preclude an order barring enforcement of the Vermont judgment. This argument is waived, see Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)), and in any event is without merit. Allowing collateral attack on a judgment when framed as a challenge to enforcement of the judgment "would be to make a mockery of the well settled doctrine of res judicata." United States v. Secor, 476 F.2d 766, 770 (2d Cir. 1973); see Lerman v. Lerman, 148 Vt. 629 (1987) (applying res judicata to bar attack on enforcement); Wursthaus, Inc. v. Cerrata, 149 Vt. 54 (1987) (same).

We have considered TC Healthcare's other arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED. Dupuis's motion to include documents is DENIED as moot. TC Healthcare's motion to strike portions of Dupuis's brief is also DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court