### Theda E. FARRELL v. MOUNTAIN FOLK, INC., Kenneth J. Farrell and Paula J. Sweeney

[730 A.2d 597]

No. 98-228

April 1, 1999. Plaintiff Theda Farrell appeals the dismissal of her superior court action to gain access to corporate records and obtain an accounting for alleged diversion of corporate funds. The court granted defendants Mountain Folk, Inc., Kenneth Farrell, and Paula J. Sweeney's motion to dismiss based on collateral estoppel (issue preclusion). On appeal, plaintiff argues that issue preclusion does not apply to this action and that the case should be remanded for trial. We agree and, therefore, reverse and remand.

In August 1993, plaintiff and defendants Farrell and Sweeney formed a corporation, Mountain Folk, Inc. (d/b/a The Village Fare), as a wholesale/retail bakery and delicatessen serving light meals and providing catering services. Plaintiff served as a director, secretary and shareholder with 20% of the stock. Plaintiff's husband at that time, Farrell, also served as director, officer and shareholder with 30% of the shares. Sweeney was elected a director, officer and shareholder with 50% of the stock shares. Sweeney and Farrell were involved in the day-to-day business operations.

The marriage between plaintiff and Farrell deteriorated, and in July 1994, plaintiff filed for divorce. During divorce proceedings, plaintiff filed suit in superior court against Mountain Folk, Inc., Farrell, and Sweeney, claiming misappropriation of corporate funds for the personal benefit of Farrell and Sweeney. In her pleadings, plaintiff requested access to all financial, accounting and corporate records. Plaintiff's civil complaint was later amended to include allegations that Farrell had admitted to (1) not reporting cash from sales of the business, (2) writing checks from the business for personal items, and (3) signing his personal tax return knowing that the information was not correct. Plaintiff also claimed that Sweeney had written personal checks from the business and that Farrell had

admitted that he and Sweeney split $12,000 in cash from the corporate safe in 1994.

Under V.R.C.P. 53, a mutually-agreed-upon master, an accountant, was appointed by the family court to estimate the fair market value of the corporation. In a letter outlining the terms of the agreement to perform the business evaluation, the master stated, "We will not audit . . . tax returns, forecasts, or financial data. . . . Our engagement cannot be relied on to disclose errors, irregularities, or illegal acts, including fraud or defalcations, that may exist." The master's report stated that the valuation was performed for the purpose of "an equitable distribution of marital assets in a pending divorce action" and determined a net value of the corporation of $51,886, with plaintiff's share at $9,844 and Farrell's share at $15,543.

In its opinion and order dated October 22, 1996, the family court stated that Farrell's income was determined "without accounting for unreported income." Further, the court noted that plaintiff had an action pending in superior court "to gain access to all corporate records and to obtain an accounting for diversion of the funds, if any," and was also seeking to limit "any civil or tax liability." The family court incorporated the master's findings of fact into the opinion and order, including the valuation of the corporation, and determined that plaintiff should transfer her shares of Mountain Folk, Inc. to Farrell for the sum of $9,844 within thirty days of the order.

In December 1996, defendants renewed their motion to dismiss in superior court on the grounds that the suit was moot and plaintiff lacked standing because her stock had been transferred to Farrell as a result of the divorce judgment. This motion was denied in May 1997. In February, the court granted defendants' motion to amend their answer to include res judicata as an affirmative defense. As a result of that same hearing, the court, based on its belief that defendants had a pending motion to dismiss from December 1996, dismissed plaintiff's complaint with prejudice to all named defendants. In denying plaintiff's motion to reconsider, the court stated that it was precluded from addressing the issues presented by plaintiff, noting that "all of the issues which the Plaintiff raises in its motion come down to one salient point . . . the value of Mountain Folk stock. That issue was fully, finally, necessarily and fairly resolved by the family court." This appeal follows.

The determination of collateral estoppel based on a set of facts is a question of law, and therefore we review de novo the trial court's decision in this matter. See *State v. Pollander*, 167 Vt. 301, 304, 706 A.2d 1359, 1360 (1997). Collateral estoppel or issue preclusion "bars a party from relitigating an issue decided in a previous action." *Id.* (internal quotations omitted). The elements of issue preclusion, all of which must be present, are:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990).

The second *Trepanier* factor requires that the issue be resolved "by a final judgment on the merits" in the prior proceeding. See *Pollander*, 167 Vt. at 304, 706 A.2d at 1361; *American Trucking Ass'ns v. Conway*, 152 Vt. 363, 369, 566 A.2d 1323, 1327 (1989) (issue preclusion appropriate only where issue was neces-

sary to resolution of prior action). The party asserting preclusion bears the burden of pinpointing for the court the exact issues previously litigated. See *Pollander*, 167 Vt. at 305, 706 A.2d at 1361.

Defendants have failed to satisfy their burden. We recognize that the issues properly to be tried in this action may have narrowed when plaintiff turned over her stock to Farrell, but we need not resolve the proper scope of the action now. Plaintiff's claim of potential personal civil or tax liability clearly remains alive and was not resolved in the divorce. The claim of pilfering corporation funds may remain alive if plaintiff can show injury to herself, not the corporation, unconnected to the value of the shares.

*Reversed and remanded.*