2004 VT 1

**Jeanne R. KELLNER v. Charles KELLNER**

[844 A.2d 743]

No. 03-190

¶ 1. January 5, 2004. Plaintiff appeals the denial of her motion to enforce the terms of a stipulated amended final order for property settlement and child support. The order sets a schedule for property settlement and child support payments and includes an avoidable late fee provision triggered by defendant's failure to pay within the timetables and grace periods established by the order. The family court refused to enforce the late fee provisions contained in its own order. We reverse without· reviewing the grounds of the family court's decision because the doctrine of res judicata precludes defendant from collaterally attacking the validity of the order. We reverse and remand for enforcement ·of the order.

¶ 2. The parties were divorced by the family court's final order and decree of divorce in December 1996. The relevant provisions of that order require defendant to pay child support and spousal maintenance beginning in December 1996, and a total of $143,600 in property settlement over a six year period that commenced December 1, 1998. Interest on arrearages ran at six percent annually for the first three years, and seven percent thereafter.

¶ 3. In April 1998, plaintiff filed the first of two motions for contempt and judgment against defendant because of his repeated failure to timely pay spousal maintenance and child support. Defendant had established a pattern of making payments more than a month after they were due, and plaintiff claimed that defendant's tardiness caused her financial

difficulties. The record does not indicate how the first motion was resolved, but by March 1999 plaintiff was again forced to move for contempt and judgment, this time because of nonpayment. Plaintiff's motion detailed defendant's failure to make any of the property settlement payments. Defendant had also stopped making child support and spousal maintenance payments.

¶ 4. While the second contempt motion was pending, the parties reached a new agreement and stipulated to an amended order. The Chittenden Family Court incorporated this stipulation into its amended final order on June 6, 1999. The amended order established a schedule for the payment of the property settlement balance — all of which was still owing and part of which was in arrears at the time — plus interest. In an attempt to secure compliance with this timetable, and avoid future contempt issues with regard to maintenance and child support, the amended order provided for the assessment of late fees. For all late payments, defendant would be charged a fee calculated at eight percent of the monthly sum owed — both principal and interest. The fees are capped at $11,100 over the life of the agreement. Defendant could avoid the late fees by on-time payment. If defendant successfully made all the required payments within thirty days of their due dates, the amended order provided that plaintiff would forgive the last four property settlement payments for a possible total of $11,100.

¶ 5. Defendant subsequently failed to make several of the scheduled payments. Plaintiff moved to enforce the terms of the amended final order, seeking the missing payments, late fees, and attorney's fees. Defendant responded with a motion to strike the late fee provision arguing that it was usurious. In a subsequent ruling, the same judge who had signed the amended final order that plaintiff is currently trying to enforce denied plaintiff's motion. The judge ruled

that the late fee provision was inapplicable to child support payments because there is already a separate statutory scheme for enforcing child support orders. With respect to the property settlement, the judge ruled that the state's lending laws, 9 V.S.A. §§ 41a, 42, 44, barred the late fees that the court termed as "unreasonable, if not unconscionable." This appeal followed.

¶ 6. We conclude that the doctrine of res judicata precluded the family court from refusing to enforce the amended final order. In so doing, we reaffirm the principles recently articulated in *Johnston v. Wilkins*, 2003 VT 56, 175 Vt. 567, 830 A.2d 695 (mem.), a case that we decided after the family court's decision in the instant case. In *Johnston*, the parties settled a commercial dispute by stipulating to a settlement that the trial court incorporated into its final dispositive order. The stipulation and order contained a noncompetition agreement that Johnston sued to enforce when it appeared that Wilkins was violating the agreement. The trial court reexamined the noncompetition covenant and determined that it was not commercially reasonable. This Court reversed without reviewing the trial court's decision as to commercial reasonableness, holding that a stipulated settlement that is reduced to an unappealed final judgment can only be disturbed pursuant to the procedure and criteria set forth in V.R.C.P. 60(b). *Johnston*, 2003 VT 56, at ¶ 8.

¶ 7. Defendant's argument against the application of the late fee provision amounts to an improper collateral attack on the order. Defendant did not directly appeal the amended final order at the time it was issued because he voluntarily agreed to the provision he now argues is usurious and barred by statute. He stipulated, with the aid of counsel, to the amended final order that added the late fee provision so as to resolve contempt motions pending against him because of his ongoing failure to make payments

required by the original divorce order. Furthermore, defendant, like the defendant in *Johnston*, did not move for relief from the judgment under V.R.C.P. 60(b). He did not voice any opposition to the judgment until plaintiff moved to enforce it against him in response to his admitted failure to abide by its terms.

¶ 8. "Res judicata bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical." *Lamb v. Geovjian*, 165 Vt. 375, 379-80, 683 A.2d 731, 734 (1996) (internal quotations and citations omitted). Res judicata bars parties from litigating claims that were raised in previous adjudicative proceedings as well as those that *should have been raised. Id.* at 380, 683 A.2d at 734.

¶ 9. The stipulation at issue here was incorporated into a final order. The parties are identical. The subject matter — securing timely payment of the sums owed pursuant to the original final order — was central to the litigation of the contempt motions that the stipulated amended order resolved. Defendant argues that res judicata is improper here because plaintiff initiated the motion that led to the family court order now on appeal. This argument is unavailing because res judicata applies equally to claims and defenses. The family court order on review is based entirely on defenses that defendant argued below.

¶ 10. "'The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.'" *Id.* at 382, 683 A.2d at 736 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). Stipulated settlements are commonplace in Vermont courts. They save the judicial system valuable time and money by freeing trial judges to focus on those disputes that litigants are unable to resolve themselves. They also permit litigants greater control over the disposition of their cases because they represent the result of the bargaining process. See *Damone v. Damone*, 172 Vt. 504, 511, 782 A.2d 1208, 1214 (2001). Allowing collateral attacks like defendant's will deter litigants from employing such stipulated orders out of fear that they will not be given the preclusive effect of judgments drafted exclusively by the trial court. Furthermore, litigants could settle cases in bad faith with the knowledge that they could wait to deploy any legal arguments against the settlement until such time as the other party attempts to enforce its terms.

¶ 11. The doctrine's purpose is to deliver finality and repose — the very things that plaintiff thought she was securing when she stipulated to the late fee provision in exchange for her agreement to drop the contempt and judgment motion. Res judicata required defendant to bring forth all of his objections to the order before it became final, and if necessary, to renew them immediately on direct appeal.

¶ 12. Finality and repose sometimes must yield to the interests of justice, however. We have consistently stated that aside from direct appeals to this Court V.R.C.P. 60(b) is the exclusive avenue for relief from judgments in family court. See *Trahan v. Trahan*, 2003 VT 100, ¶ 11, 176 Vt. 539, 839 A.2d 1246 (mem.); *Tudhope v. Riehle*, 167 Vt. 174, 177, 704 A.2d 765, 767 (1997). Assuming arguendo that the family court had treated defendant's opposition to the enforcement motion as a motion under Rule 60(b), relief still would have been inappropriate. The first five provisions of V.R.C.P. 60(b) are inapplicable as defendant has not raised any of the grounds enumerated therein. Instead, defendant's argument that the late fee provisions are barred by statute and are, therefore, unconscionable would find refuge only under V.R.C.P. 60(b)(6). Rule 60(b)(6) is a catch-all provision that allows courts to grant relief to a party from a final judg-

ment for any other reason than those set forth in other sections of the rule, so long as the request for relief is made within a reasonable time. V.R.C.P. 60(b)(6). "Rule 60(b)(6) may not substitute for a timely appeal or provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of a party." *Riehle v. Tudhope*, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000) (mem.); see also *Richwagen v. Richwagen*, 153 Vt. 1, 4, 568 A.2d 419, 421 (1989) (rule provides no relief from "tactical decisions which in retrospect may seem ill advised").

¶ 13. The stipulation entered into by the parties here, and subsequently incorporated into the court's amended final order, represents the essence of a calculated tactical decision. Defendant was facing a second contempt and judgment motion for nonpayment at the time. He apparently concluded that it was to his advantage to resolve the contempt issue by settling for a new payment schedule with the possibility of additional fees for late payment. In return, plaintiff agreed to drop the contempt and judgment motions and add a provision to the order that would have freed defendant (if he faithfully made payments) from having to pay up to $11,100 in property settlement that he otherwise would have owed under the previous order. This is not a case where defendant acted under duress, and there is no suggestion that there was anything improper about the bargaining process that yielded the stipulation. See, e.g., *Putnam v. Putnam*, 166 Vt. 108, 115, 689 A.2d 446, 450 (1996) (judgment reopened in case where wife stipulated to separation agreement because she feared physical abuse from husband, thus "normal boundaries of negotiation and compromise [were] exceeded").

¶ 14. Rule 60(b)(6) also requires the party seeking relief to bring the motion within a reasonable amount of time from judgment. In this case, defendant waited more than three years before raising the

late fee issues. The amended final order is dated June 6, 1999; the memorandum of law where defendant first raises the issue in court is dated March 5, 2003. When a party has delayed so long in seeking relief under V.R.C.P. 60(b)(6), that party bears the burden of showing that extraordinary circumstances caused that delay. *Riehle*, 171 Vt. at 629-30, 765 A.2d at 889. Defendant's arguments, and the trial court's conclusions, that the late fees are barred by statute do not rest on changes to the statutes that occurred subsequent to the amended final order. As far as we can discern, defendant could have made the same arguments against the late fees in 1999, but he chose not to. Defendant must live with his choices.

*Reversed and remanded for enforcement of the Chittenden Family Court's amended final order dated June 6, 1999.*