STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Freedom Foods | } | |
| Decision that Variance Not Required,[1] | } | Docket No. 243-10-08 Vtec |
| and Site Plan Review | } | |
| (Appeal of Truran and Salyer) | } | |
| | } | |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Eric Truran and Diana Salyer appealed from a decision of the Development Review Board (DRB) of the Town of Randolph, granting site plan approval and determining that no variance was required.  Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicant Freedom Foods, LLC, is represented by Frank H. Olmstead, Esq..  The Town is participating in these proceedings through its Zoning Administrator, Ms. Mardee Sánchez, but has not filed memoranda on the pending motions.

The represented parties have moved for summary judgment on all four questions of the Statement of Questions.  The following facts are undisputed unless otherwise noted.

This is an on-the-record appeal, as the Town of Randolph has adopted and implemented the procedures necessary for such appeals pursuant to 24 V.S.A. § 4471(b).  See, e.g., In re Application of Blakeman, No. 167-8-05 Vtec, slip op. at 1 (Vt. Envtl. Ct. June 19, 2006) (Wright, J.).  Even in an on-the-record appeal, legal issues are reviewed without affording deference to the DRB's legal conclusions.  In re Beckstrom, 2004 VT

---

[1]  The caption originally assigned by the Court erroneously referred to the application as "conditional use" and site plan review; however, it does not in fact involve conditional use approval.

1

32, ¶ 9, 176 Vt. 622 (mem.) (citing In re Gulli, 174 Vt. 580, 582 (2002) (mem.)).

On July 31, 2008, Appellee-Applicant applied for a zoning permit and for site plan approval for renovations to the property at 24 Pleasant Street in the Commercial zoning district. The property is Unit B of a four-unit condominium. The property was vacant; its former uses had been for a health food store and café with food preparation and storage. The proposed uses were stated on the application as "food preparation, retail store, and warehouse/storage." The narrative on the form described the proposed work as "[r]enovation to include 5 food production rooms for agricultural based specialty foods; common storage for ingredients & shipment to wholesale, distributor and web accounts; [and] Retail Space for natural and specialty food store." The page of the application pertaining to site plan review showed no changes proposed, and as to parking adequacy, showed the maximum number of employees on the premises at any one time as "16," during the time period of 7 a.m. to 6 p.m.

The zoning administrator classified the proposed use as "food production" with "accessory retail sales," and referred it to the DRB for site plan approval, as well as for consideration of a variance as food production is not an allowed use in the district. Appellee-Applicant's application to the DRB, nominally for the variance, stated that "no proposed uses vary from past facility uses."

The matter was warned for the DRB public hearing for August 26, 2008, as follows: "[v]ariance request and, pending outcome of variance request, site plan review for a specialty foods company (packing, shipping, and distribution) with some retail sales at 24 Pleasant Street, Unit B."

The record of the August 26, 2008 hearing was transcribed[2] and provided to the

_____

[2] The transcript is replete with "unidentified speaker," and "unintelligible." While the transcript is adequate for purposes of the present motions, the DRB may wish to consider the adequacy of its recording techniques, as this Court has found it necessary

2

Court. It discloses that the DRB first took evidence on and discussed the previous uses conducted in the building and concluded that a variance was not required, that is, that the proposed uses were essentially a continuation of the past uses. The DRB then proceeded to consider evidence relating to site plan approval and voted to approve the site plan. The DRB issued its decision in writing on September 30, 2008; the written decision contains a statement that the DRB had determined at the hearing that a variance is not required, and otherwise contains the DRB's consideration of and ruling on the site plan. Appellants filed the present appeal on October 23, 2008.

Based on the DRB's site plan approval, the Zoning Administrator issued Zoning Permit #Z-08-83 on October 2, 2008. Appellee-Applicant received the permit on October 3, 2008 and posted it as required. 24 V.S.A. § 4449(b). The Zoning Permit was not appealed to the DRB.

The Statement of Questions, filed and amended prior to the entry of appearance of counsel on behalf of Appellants, raises the following four issues.

> 1. Whether the proposed use of Freedom Foods, LLC, registered with the Vermont Secretary of State as "Manufacturing and Distribution of Food[,]" is a permitted, conditional[,] or prohibited use in the Commercial District and whether it can be approved without a variance;

> 2. Whether changing a hearing warned as a prohibited use/variance hearing to a hearing of permitted and conditional use by the DRB during said hearing is in accord with the law;

> 3. Whether the noises associated with the operation of . . . Freedom Foods, LLC will have an impact sufficient to change the character of the neighborhood (and of any of the condominiums within the building); and

---

to remand some poorly-recorded records. See, e.g., In re Morgan Meadows/Black Dog Realty Subdivision Final Plat, No. 156-7-07 Vtec, slip op. at 1 (Vt. Envtl. Ct. Nov. 17, 2008) (Wright, J.) (unpublished entry order) (remanding to DRB "to conduct a proceeding making an adequate record" because "the record is inadequate and cannot be reconstructed" [pursuant to the procedures in V.R.A.P. 10]).

3

4.    Whether the uses proposed by Freedom Foods, LLC, are authorized by the Condominium Agreement entered into by and between [Appellants] and [the owner of Unit B] to be occupied by Freedom Foods, LLC. . . . . (Quotation omitted).

At a pretrial conference the parties and the Court discussed proceeding with summary judgment solely on Question 1, because it could be dispositive of the appeal if a variance were in fact required for the project.   Appellants moved for summary judgment on Question 1; however, Appellee-Applicants moved for summary judgment on all four questions.

Question 4

Question 4 raises issues as to the interpretation of a Condominium Agreement that are beyond the jurisdiction of the Environmental Court.  See, e.g., In re Appeal of Hildebrand, No. 228-12-04 Vtec, slip op. at 4 (Vt. Envtl. Ct. Oct. 13, 2005) (Durkin, J.), aff'd, 2007 VT 5, 181 Vt. 568 (mem.); Appeal of Bowman, No. 70-5-96 Vtec, slip op. at 2 (Vt. Envtl. Ct. June 21, 2005) (Wright, J.).  Question 4 is therefore DISMISSED.

Question 2

Appellants are correct that it is not permissible for a DRB to change a hearing warned only as a variance hearing to a hearing for conditional use.  In re Torres, 154 Vt. 233, 235–36 (1990); accord Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993); In re Snelgrove Permit Amendment, No. 25-1-07 Vtec, slip op. at 9 (Vt. Envtl. Ct. July 18, 2008) (Wright, J.) (citing Torres, 154 Vt. at 236); In re Bouldin Camp – Noble Road, No. 278-11-06 Vtec, slip op. at 6 (Vt. Envtl. Ct. Apr. 23, 2007) (Wright, J.) (citing Torres, 154 Vt. at 235–36).

However, that is not what occurred in the present case.  The hearing was warned both for a variance and, depending on the DRB's ruling on the variance, to continue to consider site plan approval.  Inherent in the warning for the variance hearing was the

4

issue of whether a variance was even required. Once the DRB had determined that no variance was required, it was free to proceed to site plan approval, which had also been warned.

If the DRB's reasoning that a variance was not required was that the proposed uses were permitted uses in the district, nothing more was required. If the DRB's reasoning that a variance was not required was that the proposed uses were conditional uses in the district, a hearing would have had to have been warned for conditional use review before the DRB could proceed to consider conditional use approval. Similarly, if the DRB's reasoning that a variance was not required was that the proposed uses were continuations of grandfathered non-conforming uses that had not been discontinued for more than a year, a hearing would have had to have been warned for the DRB to consider the application under § 2.5.1. The DRB did not warn any additional hearings, nor did it consider the application either for conditional use approval or as a continuation of a non-conforming use under § 2.5.1, so that those issues are not before the Court in the present appeal.

As the DRB did not "change" the hearing or take up issues that had not been warned for that hearing, summary judgment must be granted to Appellee-Applicant on Question 2.

Question 3

To the extent Appellants intended for Question 3 to refer to the requirement of 24 V.S.A. § 4414(3)(A) that conditional uses not result in an "undue adverse effect on . . . the character of the area affected," that criterion only applies to conditional use approval. As the application was not warned for or considered for conditional use approval, Question 3 is beyond the scope of this appeal. Torres, 154 Vt. at 235–36.

As written, Question 3 does not raise an issue related to site plan review criterion § 4.1(b), requiring the proposed use to "be [in] such a location and [of] such size and

5

character that it will be in harmony with the appropriate and orderly development of the surrounding area." Accordingly, Question 3 is also DISMISSED.

Question 1

As stated, Question 1 asks an impermissible advisory opinion. See In re 232511 Invs., Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 (citing In re Bennington Sch., Inc., 2004 VT 6, ¶ 19, 176 Vt. 584); In re Remy Subdivision Alteration, No. 21-1-08 Vtec, slip op. at 7 (Vt. Envtl. Ct. July 31, 2008) (Durkin, J.) (citing 232511 Invs., 2006 VT 27, ¶ 19). The issue before the Court in this or in any appeal involving a zoning application is what the applicant has applied to do on the property at issue in the appeal, not what the applicant's business purposes are as registered with the Vermont Secretary of State. Therefore the phrase "of Freedom Foods, LLC, registered with the Vermont Secretary of State as 'Manufacturing and Distribution of Food'" must be dismissed from Question 1 as beyond the scope of the appeal.

The remaining portion of Question 1 remains to be determined in this appeal: "Whether the proposed use [] is a permitted, conditional[,] or prohibited use in the Commercial District and whether it can be approved without a variance."

Appellee-Applicants argue that any remaining question has become moot because Appellants did not appeal the issuance of the Zoning Permit to the DRB, and the zoning permit therefore cannot now be challenged, either directly, or indirectly in the present appeal. 24 V.S.A. § 4472(d). However, the resolution of the remainder of Question 1 has legal consequences for the status of Appellee-Applicant's use. That is, without resolving the remainder of Question 1, the parties do not know whether Appellee-Applicant's use is non-conforming,[3] despite the fact that it holds a zoning

---

[3] Either as a continuation of a formerly-existing non-conforming use, or as a non-conforming use granted a zoning permit by error of the Zoning Administrator. See 24 V.S.A. § 4303(15).

6

permit and is entitled to operate.  The remainder of Question 1 has not become moot and remains at issue in this appeal.  See, e.g., In re Marsh Zoning Permit, No. 135-7-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Mar. 17, 2009) (Wright, J.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that a portion of Question 1 and the whole of Questions 3 and 4 of the Statement of Questions are DISMISSED, and that as to Question 2, Appellee-Applicant's Motion for Summary Judgment is GRANTED and Appellants' Motion for Summary Judgment is DENIED, as discussed above.  Pursuant to the February 4, 2009 scheduling order, the parties are directed to proceed to mediation, except that they may request a telephone conference to be scheduled if they wish to discuss whether the remaining portion of Question 1 can now also be decided as a matter of law.

Done at Berlin, Vermont, this 19th day of March, 2009.

_____
Merideth Wright
Environmental Judge