*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-041

SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| Amanda Mallette | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| George H. Lafontaine III | } | DOCKET NO. 155-7-11 Frfa |

Trial Judge: Martin A. Maley

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's denial of his request for relief from judgment from a final relief-from-abuse (RFA) order, which found defendant sexually abused his granddaughter and prevents him from having contact with her. On appeal, defendant argues that he should be granted a rehearing because the evidence presented against him in the RFA proceeding was not credible, and neither the police nor the Department for Children and Families (DCF) decided to prosecute or substantiate the alleged abuse. We affirm.

Defendant is the paternal grandfather of plaintiff's daughter. In April 2011, plaintiff initiated a parentage action against defendant's son. In July 2011, plaintiff filed a petition seeking an RFA on behalf of her daughter due to alleged sexual abuse by defendant. The court held a final hearing in September 2011 at which defendant was represented by counsel. At the hearing, plaintiff testified concerning her daughter's sexualized behaviors and her identification of defendant as the person showing her these behaviors. The child's babysitter also testified and corroborated this testimony. Defendant did not object to plaintiff's and the babysitter's testimony regarding the child's statements. The court found defendant had sexually abused the minor child and granted a final RFA. Defendant appealed, and this Court affirmed. Mallette v. LaFontaine, No. 2011-385, 2012 WL 2880574 (Vt. July 11, 2012) (unpub. mem.). On appeal, this Court concluded that there was sufficient evidence to support the court's findings and rejected defendant's argument that the evidence supporting the RFA was insufficient and unreliable. Id.

In September 2012, defendant filed a Vermont Rule of Civil Procedure 60(b) motion, arguing that newly discovered evidence, fraud and ineffective assistance of counsel warranted relief from judgment. See V.R.C.P. 60(b)(2), (3), (6) (allowing a party to move for relief from judgment based on newly discovered evidence, fraud and "any other reason justifying relief"). The trial court concluded that there were no grounds for relief. The court explained that much of the new evidence was merely unsupported assertions or irrelevant events, the fraud claim was a mere assertion that plaintiff was not credible, and the ineffective assistance claim was grounded on tactics and not any actual ineffectiveness.

On appeal, defendant appears pro se and argues that he is entitled to relief because the RFA was based on unreliable testimony. The trial court has broad discretion in deciding a motion for relief from judgment under Rule 60(b) and "[a]bsent a clear and affirmative abuse of discretion, a motion for relief from judgment will not be disturbed on appeal." Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625 (mem.). The moving party has the burden of proving entitlement to relief. Id.

Defendant's Rule 60(b) motion is based primarily on his allegation that plaintiff and the child's babysitter provided unreliable evidence at the RFA hearing. The court did not abuse its discretion in denying relief on those grounds. Credibility of the witnesses was a determination for the court at the RFA hearing, and the new evidence that defendant argues undermines the testimony upon which the court relied is, for the most part, a restatement of defendant's prior challenges to the witnesses' motives and credibility. Rule 60(b)(2) gives the court discretion to reopen a judgment based on newly discovered evidence, but does not contemplate relief when the new evidence is cumulative or impeaching only. See Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (newly discovered evidence under Federal Rule of Civil Procedure 60(b)(2) "cannot be merely impeaching or cumulative"); see also Pirdair v. Med. Ctr. Hosp. of Vt., 173 Vt. 411, 414-15 (2002) (affirming court's denial of relief from judgment where new evidence was merely cumulative and sought to rebut expert's opinion). Further, none of defendant's allegations regarding the presentation of evidence at the RFA hearing rises to the level of fraud upon the court. See Godin v. Godin, 168 Vt. 514, 518-19 (1998) (explaining that fraud on the court encompasses "only the most egregious misconduct" and must be supported by "clear, unequivocal and convincing evidence" (quotation omitted)). Defendant has failed to demonstrate that either plaintiff or the babysitter committed actions constituting fraud. See Bardill Land & Lumber, Inc. v. Davis, 135 Vt. 81, 82 (1977) (reversing trial court's denial of relief from judgment on basis of fraud where opposing party filed false answer to specific inquiry).

Further, most of the "new evidence" alleged by defendant is not new, but was known at the time of the final RFA hearing.[1] See Stalb v. Stalb, 168 Vt. 235, 248 (1998) (affirming denial of motion for relief from judgment based on newly discovered evidence where evidence available at time of trial). Defendant's own brief admits that "[m]ost all of this documentation could have been found before the hearing." The DCF investigator's decision not to recommend substantiating the abuse allegation and the fact that defendant was not criminally charged are not new evidence. The decisions occurred after the final RFA hearing, but did not result in the discovery of relevant new evidence. Further, those decisions do not undermine the court's finding of abuse in the context of the RFA hearing. See Chase v. Bowen, 2008 VT 12, ¶ 14, 183 Vt. 187 (explaining that DCF's substantiation of abuse informs only that agency's finding and is not proof of abuse in the family court); Siegel v. Misch, 2007 VT 116, ¶ 6, 182 Vt. 623 (explaining that "DCF and family courts may come to different conclusions as to whether abuse has taken place").

Finally, defendant argues that he is entitled to relief from judgment because the RFA court denied his request to serve interrogatories on plaintiff and his lawyer in the RFA

---

[1] Defendant's brief and printed case contains factual information that was not presented to the trial court in connection with his Rule 60(b) motion. We do not consider this information in reaching our decision. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining that review on appeal is confined to the record and evidence presented to the trial court).

proceeding did not conduct discovery or present witnesses on his behalf. The court's denial of defendant's request to serve interrogatories is not a ground for relief from judgment. A Rule 60(b)(6) motion is not a substitute for appeal. Donley v. Donley, 165 Vt. 619, 619-20 (1996). Defendant's avenue to challenge the court's discovery ruling was through appeal.[2] In any event, defendant fails to demonstrate how the court erred in denying discovery and how the lack of discovery resulted in hardship or injustice. See Olde & Co., Inc. v. Boudreau, 150 Vt. 321, 324 (1988) (explaining that Rule 60(b)(6) is designed for limited circumstance of preventing hardship or injustice). In addition, the court did not abuse its discretion in concluding that defendant's counsel's presentation of defendant's case in the RFA proceeding did not warrant relief from judgment. The errors he alleges concern how the matter was litigated; his attorney's decisions regarding how to conduct the case were tactical decisions that are insufficient in the context of the record in this case to provide relief under Rule 60(b)(6). See Kellner v. Kellner, 2004 VT 1, ¶ 12, 176 Vt. 571 (holding that Rule 60(b)(6) is not designed to provide relief from an "ill-advised tactical decision" (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2] Defendant contends that he raised the issue on appeal and this Court did not address it. Our decision notes that defendant's appellate issues were "not clearly developed and argued." If defendant intended to raise this issue on appeal, and it was insufficiently addressed, he had the opportunity to file a motion to reargue following this Court's decision. See V.R.A.P. 40. No such motion was filed.