VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    23-AP-111



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2023

| | |
|---|---|
| John P. Maille\* v. Kathleen Kirkpatrick (Maille) | } APPEALED FROM:<br><br>} <br>} Superior Court, Franklin Unit,<br>} Family Division<br>} CASE NO. 292-12-19 Frdm<br>} Trial Judge: Mary Miles Teachout (Ret.) |

In the above-entitled cause, the Clerk will enter:

Plaintiff John Maille appeals from a trial court decision granting defendant Kathleen Kirkpatrick's motion to enforce their final divorce order.  We reverse.

The parties divorced in April 2021 after thirty-four years of marriage.  They have four adult children.  The trial court's final order and decree of divorce incorporated the parties' final stipulation as to property, debts, and spousal support.  That stipulation provided, among other things, that plaintiff's military disability benefits would be divided between the parties through the transfer of $1896 to defendant's checking account.

In May 2022, defendant moved to enforce the final order, contending that it required plaintiff to pay her $1896 on the first of each month and that he failed to make his May 1, 2022 payment.  Plaintiff opposed the motion, arguing that the stipulation required that he make only a one-time payment of $1896.  Although plaintiff agreed that he had been sending $1900 to defendant monthly prior to May 2022, he indicated that these amounts were installments toward the final stipulation's separate requirement that he pay defendant $35,000 for her share of equity in the former marital home by March 9, 2024.

The trial court set the motion for an evidentiary hearing.  It heard testimony from plaintiff, defendant, and the case manager who assisted the parties in preparing the final stipulation, and it issued a written decision containing the following findings relevant to this appeal.

Plaintiff filed for divorce on December 6, 2019. His pleadings included an agreement signed by both parties on the same date and prepared using a court form entitled "Final Stipulation, Property, Debts and Spousal Support" (the 2019 stipulation). Paragraph five of the 2019 stipulation provided:[1]

> X The following retirement asset shall be divided between the parties:
>> Name of Participant or owner of plans or account: John Philip Maille
>> Name of Asset/Plan: VA Disability-payment/and Combat-Related special compensation (CRSC) (US Army)
>> $1,896.00 to be transferred to Defendant-Checking Account Monthly
>>> The agreed-upon amount or percentage shall be:
>>>> X The exact dollar amount stated, or exact percentage as of the effective date.

While the divorce was pending, the parties reconciled and filed a request to dismiss the case. However, by the time of the hearing on the dismissal request, the parties had separated once more and expressed their wish to move forward with the divorce.

On March 9, 2021, the parties attended a telephone conference with the court's family division case manager. At the conference, the case manager was to determine whether the parties had reached an agreement on all issues or whether the matter would need to be scheduled for a contested hearing. It was the case manager's practice to type the parties' agreements in the court stipulation form, creating a single, comprehensive document that could be reviewed by the parties and submitted to the court. She went through the 2019 stipulation with the parties, typing each agreed term into the form. The court credited defendant's testimony that the parties specifically reviewed paragraph five of the 2019 stipulation during the conference, and there were no disagreements or changes—plaintiff was to continue making monthly deposits of $1896 into defendant's checking account. The court did not credit plaintiff's testimony that, following the parties' period of reconciliation, he believed the terms of paragraph five of the 2019 stipulation were no longer agreed on, and understood that defendant had agreed instead to a single payment of $1896 with respect to the division of his disability benefits.

The case manager emailed the parties the typed final stipulation she generated based on the conference. Defendant reviewed the electronic document on her computer screen. She noticed that it included, in paragraph five, the division of plaintiff's military disability benefits and the figure $1896. She believed it was complete and returned it with her electronic signature. Plaintiff likewise electronically signed and returned the document.

Because there was limited space available to display typed terms in the electronic document, some characters were "cut off" and did not appear in the printed version subsequently

---

[1] Underlined text denotes information handwritten on the form.

mailed to the parties. Unlike paragraph five of the 2019 stipulation, paragraph five of the printed version of the 2021 stipulation did not include the words "account monthly" after "checking" in relation to the $1896 obligation, but neither the parties nor the case manager took note of this at the time. The court found that the case manager attempted to enter language indicating that the obligation was a monthly one, but it was unknown whether those words in fact appeared on the electronic versions emailed to and reviewed by the parties.

The parties waived a final hearing, and the court issued a final order and decree of divorce incorporating the final stipulation prepared by the case manager later that month. Plaintiff made monthly deposits of $1900 into defendant's checking account, as he had done periodically during the pendency of the divorce, for almost a year. He never gave defendant reason to believe these payments were anything other than fulfillment of his obligation under paragraph five of the decree. The court found that the timing and method of payments, as well as the amount, albeit rounded up, "matched" the obligation it found he agreed to.

Plaintiff began having financial difficulties and did not make a payment to defendant on May 1, 2022, prompting her to move for enforcement of the final order. In his response, Plaintiff alleged for the first time that the $1896 listed in the divorce order was a single payment, and that all payments he made after the first were toward her $35,000 share of home equity.

The trial court found plaintiff's position disingenuous. It found that the parties agreed at the case manager conference that plaintiff would pay defendant $1896 monthly, although this was not reflected in the version of the agreement signed by the parties and later printed as a result of the technical limitations of the form. Ultimately, it held that due to a mistake, the stipulation failed to reflect the parties' meeting of the minds at the conference, and, citing Barry v. Harris, 49 Vt. 392, 395 (1876), it reformed the stipulation to provide that $1896 was to be transferred to defendant's checking amount monthly. It then enforced that obligation.

Plaintiff appealed, arguing that the court erred in granting defendant's enforcement motion because: (1) a final order dividing marital property may be set aside only as provided in Vermont Rule of Civil Procedure 60(b); (2) the court looked beyond the four corners of the unambiguous document to extrinsic evidence of the parties' intent; (3) the conclusion that there was a missing term was clear error because the additional language may be viewed by selecting the text in an electronic version of the stipulation contained within the record, which reveals that the hidden words do not impose a monthly obligation; (4) given plaintiff's testimony that defendant blocked him from all channels of communication, the court should not have relied on its finding that plaintiff did not give defendant reason to believe the $1900 payments were toward the home equity obligation; (5) the final stipulation was found fair and equitable upon issuance of the final order as required by Vermont Rule of Family Procedure 4.0(e)(2), and therefore remains so; and (6) federal law preempts state courts from treating veteran's disability payments as marital property subject to division, supporting the conclusion that the parties intended a one-time payment.

We review the trial court's legal conclusions de novo and its factual findings for clear error. Theberge v. Theberge, 2020 VT 13, ¶ 7, 211 Vt. 535. Because we agree that the court erred in correcting the stipulation on grounds of mistake where the time for motions to set aside

3

the judgment under Civil Rule 60(b)(1) had expired, we reverse without reaching the remainder of plaintiff's arguments.

"Once the family court adopts a settlement agreement and incorporates it into the divorce order, the agreement becomes part of the judgment of the court and is assailable only through a motion to set aside the judgment." Tudhope v. Riehle, 167 Vt. 174, 177 (1997). For this reason, "[w]e have consistently stated that aside from direct appeals to this Court[, Rule] 60(b) is the exclusive avenue for relief from judgments in family court." Kellner v. Kellner, 2004 VT 1, ¶ 12, 176 Vt. 571 (mem.). Under Rule 60(b)(1), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect[.]" Outside the context of Rule 60, however, a court "may issue supplemental orders to enforce final property divisions resulting from a divorce decree," but it cannot make an order—even "to effectuate the decree's original intention"—that "is contrary to the stipulated final order and objected-to by a party." Horgan v. Horgan, 2021 VT 84, ¶¶ 12, 15 (reversing order granting husband's motion to permit him to purchase marital home as impermissible modification of stipulated property division incorporated in final divorce order). Thus, if the trial court was to set aside the judgment on grounds of mistake, it needed to do so pursuant to Rule 60(b).[2]

The case relied on by the trial court, Barry v. Harris, is not to the contrary. 49 Vt. 392 (1876). Barry stands for the proposition that a court may reform a contract where there is "proof . . . of the strongest and most conclusive character" that the contract does not reflect the parties' agreement as a result of fraud or mistake. Id. at 395. Unlike the stipulation at issue here, however, the contract in Barry had not been incorporated into a court's final judgment. See id. at 394-96. This distinction is dispositive: a stipulation incorporated in a final divorce order may be challenged only pursuant to Rule 60(b). See Kellner, 2004 VT 1, ¶ 12.

Assuming for the sake of argument that the court treated defendant's motion to enforce as a Rule 60(b)(1) motion to set aside a judgment on grounds of mistake, the grant of relief was still error. See, e.g., Kellner, 2004 VT 1, ¶ 12 ("Assuming arguendo that the family court had treated defendant's opposition to the enforcement motion as a motion under Rule 60(b), relief still would have been inappropriate."). A motion under Rule 60(b)(1) must be filed within one year

---

[2] We note that this is not a case in which the trial court simply used contract principles to construe ambiguous language in a final stipulation in order to rule on an enforcement motion. See, e.g., Sumner v. Sumner, 2004 VT 45, ¶ 9, 176 Vt. 452 ("We have used contract principles to construe divorce decrees based on stipulations."). Rather, the court's reliance on Barry and the lack of any reference to an ambiguity makes clear that the court intended instead to reform the stipulation on the basis of mistake. See Barry, 49 Vt. at 395 ("The jurisdiction of courts of equity to reform written instruments which through fraud or mistake fail to speak the true agreement of the parties, has long been firmly established."); see also Brault v. Welch, 2014 VT 44, ¶ 14, 196 Vt. 459 (explaining that even if circumstances surrounding grant of easement "created some initial ambiguity" as to deed language, construction offered by plaintiffs which substituted word "northerly" for "southerly" would require Court to "rewrite, rather than merely construe," contractual language and holding that "[a] result so at odds with the actual language of a deed is rightly accomplished through the remedy of reformation").

4

of judgment. V.R.C.P. 60(b). Here, the decree nisi became absolute on April 17, 2021, meaning that any motion to set aside the judgment had to be made on or before April 18, 2022. See 15 V.S.A. § 554(a). Thus, even if defendant's May 31, 2022 motion to enforce was construed as a Rule 60(b) motion, it was time-barred. See, e.g., Olio v. Olio, 2012 VT 44, ¶¶ 20-21, 192 Vt. 41 (holding wife's motion to reopen divorce on grounds that husband fraudulently concealed assets barred by one-year time limit applicable to motions to set aside judgment based on fraud under Rule 60(b)(3)).

Defendant notes that given her understanding of what the final order required and plaintiff's ongoing $1900 payments, she did not have reason to seek the court's involvement until plaintiff ceased making these payments over a year after the judgment became absolute. To the extent defendant intends to suggest that the one-year time limit should not apply here, this argument contravenes the plain language of Rule 60(b), which unambiguously requires that motions under clauses (1), (2), and (3) be brought "not more than one year after the judgment, order, or proceeding was entered or taken." See Thurber v. Thurber, 2023 VT 53, ¶ 13 (holding that in interpreting a procedural rule, "we consider its plain language and construe it as a whole, looking to the reason and spirit of the law and its consequences and effects to reach a fair and rational result" (quotation omitted)). Had the drafters of the Rule intended that the time to bring a Rule 60(b)(1) motion on grounds of mistake begin to accrue after a party notices the existence of the mistake, they could have so provided. They did not. See, e.g., State v. Gurung, 2020 VT 108, ¶ 30, 214 Vt. 17 ("We presume the drafters of [Vermont Rule of Criminal Procedure] 16.1(a)(1)(l) used the involved terms advisedly and could easily have incorporated language that prohibited a second mental examination if that had been the intent."); see also, e.g., Tudhope, 167 Vt. at 174 (explaining that collateral attack on divorce order incorporating parties' settlement agreement was not permissible merely because one-year period for Rule 60(b)(1) motion had passed and noting "the need for finality of judgments requires some time constraints on the filing of such motions, and we fail to see why Tudhope's allegations could not have been raised within a year of the divorce order").

Finally, defendant argues that the trial court's decision may stand because under Rule 60(a), "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative." However, the trial court's decision cannot, as defendant suggests, be characterized as a correction of a clerical mistake on the court's own motion. "Rule 60(a) envisions giving relief from minor errors; errors that affect substantial rights of the parties are outside the scope of the rule." State v. Champlain Cable Corp., 147 Vt. 436, 439 (1986) ("Under the circumstances of this case, the award of $61,222.07 in attorney's fees and investigation costs was not a minor error to be corrected under the auspices of Rule 60(a)."). The mistake identified by the trial court represented the difference between plaintiff paying defendant $1896 on a single occasion and plaintiff paying defendant $1896 monthly for the remainder of his life. We are not prepared to say that the change the court made to the stipulation was without effect on his substantial rights.

For these reasons, the trial court's decision on defendant's motion to enforce is reversed. In reaching this conclusion, we note that defendant has not argued that the judgment should be

set aside under any subsection of Rule 60(b) not subject to the one-year time limit. See V.R.C.P. 60(b)(3)-(6). We therefore express no opinion herein as to the merits of such an argument.

Reversed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice