VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-269



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

| | |
|---|---|
| Billie W. Neathawk\* v. Timothy Langlois   } | APPEALED FROM: |
| } | Superior Court, Rutland Unit, |
| } | Family Division |
| } | CASE NO. 21-DM-01375 |
| | Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the family court's order denying her motion for contempt and granting defendant's motion for relief from the spousal-maintenance provision in the parties' final divorce order.  We affirm.

Plaintiff and defendant married in 1995.  In June 2021, plaintiff filed a pro se complaint for divorce that included a separation agreement signed by both parties.  Relevant to this appeal, the agreement stated that beginning in July 2021, defendant would pay spousal maintenance of $3400 per month until plaintiff remarried or died, whichever occurred first.  The agreement stated that it was intended to be final and binding and that the parties could only amend it in writing after obtaining legal advice on the changes.

The family court subsequently notified plaintiff of various errors in her filing and asked the parties to use a court-approved final stipulation form.  Plaintiff filled in the final stipulation form with terms that were mostly consistent with the earlier separation agreement, but omitted the provision terminating defendant's maintenance obligation if plaintiff remarried.  Defendant, who was also self-represented, signed the stipulation form in July 2021 and the parties filed it with the court.  The parties then filed a joint motion to waive a final evidentiary hearing, indicating that the stipulation settled all issues in the action and asking the court to incorporate the stipulation into the final divorce order.

At a brief final divorce hearing in January 2022, both parties agreed that the stipulation should be incorporated into the final order.  The court issued a final decree of divorce that incorporated the July 2021 stipulation.

Defendant paid spousal maintenance to plaintiff until September 2022, when plaintiff remarried.  He then stopped paying, asserting that he was not obligated to do so under the terms of the original separation agreement.  Plaintiff filed a motion to hold defendant in contempt.  In response, defendant moved to set aside the final divorce order pursuant to Vermont Rule of Civil

Procedure 60(b). He stated that he had signed the July 2021 stipulation because he understood it to be the same agreement that the parties had previously negotiated, restated in a court-approved format. He asserted that he did not agree to remove the remarriage provision and did not know that the remarriage provision had been removed until plaintiff informed him in September 2022. He argued that he was entitled to relief on the grounds of mistake or fraud.

The court held a hearing on the motions in June 2023. In a subsequent written order, it found that the parties had negotiated the separation agreement for several months before signing it. Both parties' jobs involved contract negotiation and review. The parties agreed that spousal maintenance would terminate upon plaintiff's remarriage and incorporated this into the June 2021 agreement, which they signed voluntarily. The court found that the agreement was intended to be permanent and incorporated into the final divorce decree.

The court found that plaintiff consulted legal counsel after she received notice from the court about the errors in her filing. She intentionally removed the remarriage provision when she filled in the stipulation form. She did not discuss this with defendant, bring it to his attention, amend her complaint with respect to this provision, or otherwise bring this change to the attention of the court. The parties did discuss and agree to add a provision to the spousal maintenance section stating that defendant would pay plaintiff ten percent of his net bonus. They also agreed to fix a typographical error in the separation agreement that called for spousal maintenance to end in 2030, when it was supposed to end in 2031. At the time of these discussions, plaintiff was dating the man she eventually married, which defendant was aware of. Defendant did not seek legal advice before signing the stipulation.

The court denied plaintiff's motion for contempt, concluding that defendant's failure to pay spousal maintenance was based on a good-faith understanding that his obligation ended upon plaintiff's remarriage. The court found that plaintiff's omission of the remarriage provision from the final stipulation was inconsistent with her fiduciary obligation under the June 2021 separation agreement to act with good faith and fair dealing, and stated that it would not be fair to allow plaintiff to benefit from the omission. It therefore granted defendant's motion for relief and held that it would enforce the remarriage provision in the June 2021 separation agreement.

Plaintiff moved for reconsideration, arguing that defendant's unilateral mistake was not a proper reason to set aside the final divorce decree, and that defendant had not established any of the other grounds for relief under Rule 60(b). Plaintiff further argued that the separation agreement had merged into the final stipulation, that defendant was barred from challenging the final divorce order as a defense to the contempt motion, and that the court erred in finding that plaintiff had breached a fiduciary duty to defendant and in failing to find that the separation agreement was ambiguous with regard to the maintenance obligation. Finally, plaintiff argued that the order, which was signed by the assistant judges, had to be reversed because it appeared that the assistant judges had participated in making conclusions of law.

The court denied plaintiff's motion, stating that "plaintiff's intentional removal of the provision that spousal maintenance terminates on plaintiff's remarriage was not consistent with her fiduciary obligation to act in good faith, and defendant's conduct was reasonable under the circumstances, so the provision at issue is enforceable." The court further clarified that the assistant judges had only participated in making findings of fact, as permitted by statute.

On appeal, plaintiff contends that the trial court committed reversible error in granting relief from the final divorce order, repeating the arguments she raised in her motion to reconsider. We review the trial court's decision on a Rule 60(b) motion for abuse of discretion.

John A. Russell Corp. v. Bohlig, 170 Vt. 12, 24 (1999). We conclude that the trial court acted within its discretion in granting relief here, albeit for a slightly different reason than articulated by the court. See Bloomer v. Gibson, 2006 VT 104, ¶ 26 n.4, 180 Vt. 397 (explaining that Supreme Court may affirm trial court if correct result is reached even if trial court used different rationale).

"Once the family court adopts a settlement agreement and incorporates it into the divorce order, the agreement becomes part of the judgment of the court and is assailable only through a motion to set aside the judgment." Tudhope v. Riehle, 167 Vt. 174, 177 (1997). For this reason, "[w]e have consistently stated that aside from direct appeals to this Court[, Rule] 60(b) is the exclusive avenue for relief from judgments in family court." Kellner v. Kellner, 2004 VT 1, ¶ 12, 176 Vt. 571 (mem.).

Rule 60(b) allows the trial court to grant relief from a final judgment for six enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." V.R.C.P. 60(b)(1). We conclude that the trial court appropriately granted relief here. The record demonstrates that the court mistakenly treated the divorce as uncontested due to the unilateral change made and presented by plaintiff as uncontested, when there was an obvious difference between the settlement agreement attached to the complaint and the July 2021 stipulation. The court was required by statute to equitably divide the marital property. 15 V.S.A. § 751(a). The court had the complaint and original settlement agreement, as well as the July 2021 stipulation, before it at the final hearing. Where, as here, the parties were self-represented, the discrepancy in an important spousal maintenance term essentially meant that this was a contested issue, and should have led the court to hold a more thorough contested hearing to review the fairness of the stipulation in detail. See Pouech v. Pouech, 2006 VT 40, ¶ 22, 180 Vt. 1 (holding that where parties have executed final stipulation but one or both parties challenges term before it becomes final, court may reject stipulation after hearing). The court's failure to do so, though based upon the misrepresentation of the plaintiff, was a judicial mistake that justified relief from the final judgment. See Kemp v. United States, 596 U.S. 528, 534 (2022) (holding under equivalent federal rule that "Rule 60(b)(1) covers all mistakes of law made by a judge"). The court acted within its discretion in granting relief under the unique circumstances of this case.

Plaintiff argues that the court violated the collateral-bar rule in allowing defendant to challenge the terms of the final order as a defense to the contempt motion. "The collateral bar rule provides that individuals cannot challenge the validity of a court order by violating the order." In re Duckman, 2006 VT 23, ¶ 10, 179 Vt. 467. We have not previously applied the collateral-bar rule in the context of a post-judgment contempt motion in a divorce proceeding, and conclude that plaintiff has failed to show that this rule precluded defendant from independently filing a Rule 60(b) motion to vacate the order here. See id. ¶ 11 (stating collateral-bar rule does not apply where "there was not an adequate and effective remedy to review the challenged ruling" (quotation omitted)); Reeves v. Reeves, 363 So. 3d 996, 1003-04 (Ala. Civ. App. 2021) (holding that collateral-bar rule did not prevent former husband from challenging correctness of court order requiring him to pay alimony as defense to the civil-contempt purge condition requiring payment of the alimony). We therefore decline to disturb the decision below on this basis.

Plaintiff further argues that the court failed to resolve a conflict in the terms of the separation agreement, which stated in one section that the spousal maintenance obligation would terminate upon plaintiff's remarriage or death, and elsewhere that defendant would pay maintenance until he turned sixty-five years old, or July 1, 2031. "When the contract language is

3

unambiguous, we take these words to represent the parties' intent, and the plain meaning of this language governs its interpretation." Southwick v. City of Rutland, 2011 VT 53, ¶ 4, 190 Vt. 106 (citation omitted). Here, the plain language of the contract clearly indicates the parties' intention that defendant was to pay spousal maintenance until July 1, 2031, unless plaintiff remarried or died before that time. Because there was no conflict for the trial court to resolve, we see no error.

Finally, plaintiff contends that the decision below must be reversed because it was signed by the assistant judges and did not clearly delineate the extent to which they participated. This argument lacks merit because the trial court clarified in its order denying reconsideration that the assistant judges participated only in making findings of fact, consistent with statute. See 4 V.S.A. § 457(b) (stating that questions of law, and mixed questions of law and fact, shall be decided by presiding judge alone).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice